Allen M. OLDFIELD, Appellant,

v.

Nancy L. OLDFIELD, Respondent.

No. 46800.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 7, 1984.

Robert D. Blitz, Clayton, for appellant.

Claude Hanks, St. Louis, for respondent.

REINHARD, Judge.

Dissolution case. On appeal, husband challenges the distribution of the marital property; the amount of the child support awarded to wife, and the allowance to wife of maintenance and attorney's fees. We affirm in part; reverse in part and remand.

The parties were married in 1963 and have one child, a daughter, who was 15 years old at the time of the dissolution. The husband is employed by Professional Career Development, Inc. (PCD). His gross income from PCD totalled $156,-000.00 in 1982.

PCD, an employment agency, was founded by husband and David Crawford in 1970 and they remain its sole shareholders. Crawford's interest is fifty-one shares and husband's forty-two; a buy-sell agreement is applicable to these shares. Business has been extremely profitable, but due to the nature of the business, tangible assets are few. The company has never declared a dividend.

During the course of the marriage, husband became involved in numerous other business enterprises. His ventures include organization of Consolidated Radiator Company in 1976, which was no longer active at the time of the dissolution. Husband also invested in Hilltop Village Partnership; it was dissolved. He started Oldfield-Schatz and Associates, and maintains a 25% interest in this company. He likewise started Personnel Resources of America, and owns a 25% interest in this employment agency. In addition, husband and Crawford became partners in a leasing company entitled AMO–DMC, whose sole asset is a 1980 Beechcraft airplane. In 1979, he invested in a partnership known as SRC–01, which owns a racquetball club in Clayton, Missouri. Moreover, husband holds a one-half interest in C & O Leasing Company, which owns two 1981 Mercedes-Benz automobiles driven by Crawford and husband. Lastly, husband has an interest in 10 oil wells.

In addition to his business interests, husband owns an IRA account and the parties have a checking account, a 1979 Lincoln automobile, a 1980 Ford truck, a horse trailer and their family home. At the time of the dissolution, each also possessed home furnishings.

The trial court granted custody of the child to wife and ordered husband to pay $700.00 per month child support. Maintenance to wife was set at $2,000.00 per month and the court ordered husband to pay wife's attorney's fees, including $870.75 for an expert witness.

In dividing marital property, the court awarded wife substantially all property she requested, including the family home. (However, she was required to assume the responsibility of the deed of trust on the house). In addition, the court ordered husband to pay wife $86,183 in cash. As to the principal asset, husband's share in PCD stock, the court awarded wife an amount equal to one-half of the value assigned by the court to husband's shares and placed a lien on his forty-two shares for that amount. No award was made of husband's IRA account.

Thus, the division of marital property was as follows:

Wife received:

| | |
|---|---|
| Marital home $160,000 minus $60,000 deed = | $ 100,000.00 |
| ½ interest in PCD | 100,000.00 |
| 1979 Lincoln automobile | 8,550.00 |
| 1980 Ford truck | 8,000.00 |
| trailer | 2,500.00 |
| furniture in marital home—no value | 0.00 |
| husband ordered to pay wife cash | 86,183.00 |
| | $ 305,233.00 |

Husband received:

| | |
|---|---|
| ½ interest in PCD | $ 100,000.00 |
| Oldfield-Schatz | 1,000.00 |
| Personnel Resources of America | 34,100.00 |
| SRC–01 | 58,913.00 |
| AMO–DMC | 24,000.00 |
| C&O Leasing | 37,500.00 |
| Oil wells | 60,000.00 |
| furniture, Consolidated Radiator and Hilltop Village—no value | 0.00 |
| | $ 315,513.00 |
| Minus $86,183 paid to wife | − 86,183.00 |
| | $ 229,330.00 |

Therefore, based upon the court's valuation, wife received 57% of the marital property; husband received 43%.

■ On appeal, husband makes numerous complaints concerning the distribution of marital property, contending that the court erred in valuing and dividing the parties' property, which resulted in an unfair and unequal division. In considering this matter, we note, as husband recognizes, that a just and equitable distribution need not be equal. *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo.App.1982). Moreover, we must defer to the trial court's superior opportunity to judge the credibility of witnesses and must sustain its order unless there is no substantial evidence to support the judgment or the judgment is against the weight of the evidence. *Rasmussen v. Rasmussen*, 627 S.W.2d 117, 120 (Mo.App. 1982).

■ Initially, husband attacks the court's determination as to the value of his forty-two shares of PCD. We find no error in the court's valuation of PCD, its determi-

nation that wife is entitled to one-half the stock's value or its order impressing a lien on husband's stock to protect wife's interest. There was substantial evidence as to the value of the husband's interest in this company, including the testimony of two accountants. The court's valuation falls within the range of their assessment of its worth. *See Chastain v. Chastain*, 632 S.W.2d 291, 293 (Mo.App.1982). Even though husband's efforts were directly related to the value of his interest in the company, the shares are admittedly marital property. Wife, therefore, has a stake in this asset and setting off a value equal to one-half of the interest is not an abuse of discretion.

■ Husband also challenges the final property division in light of wife's actions. Although there was evidence that wife, without authority, signed husband's name as an endorsement on some checks, there is no evidence that the court failed to consider this in its final distribution of property. In fact, this is only one of the many factors considered by the court in making a just division. § 452.330, RSMo.Supp.1982; *McMillin v. McMillin*, 633 S.W.2d 223, 225 (Mo.App.1982). Therefore, we rule this point against husband.

Husband's most strenuous objection pertains to the basis for the court's valuation of his interests in Oldfield-Schatz; Personnel Resources of America; SRC–01; AMO–DMC; C & O Leasing and the oil wells. In establishing a value for PCD, the court chose a value within the range of the testimony, accepting neither the valuation of husband's nor wife's accountant. However, when it determined the value of the other business investments, the court accepted the maximum value placed upon each by wife's accountant. Husband claims that wife's accountant failed to consider various financial obligations owed on each of these investments and therefore that the court erred in accepting the accountant's assessment of their worth.

We note that husband apparently fails to distinguish between an encumbrance, which imposes a lien upon the asset, and a general obligation. For example, if husband purchased property for a particular amount and obtained a loan secured by a lien on that property, the value of his interest is the fair market value of the property, less the lien. *See Cole v. Cole*, 633 S.W.2d 263, 265 (Mo.App.1982). However, if husband purchased the same property, and obtained a personal loan of the same amount without imposition of a lien, the value of this particular asset would be unaffected by the loan. Thus, the existence of indebtedness affects the overall net value of the marital estate, but does not alter the valuation of a specific asset.

■ Here, there was evidence that husband borrowed money for each of these investments; he relies on this indebtedness to challenge the court's valuation of the specific assets. However, after reviewing the record, it appears that there were liens on the assets of only AMO–DMC and C & O Leasing. Wife's accountant failed to consider the encumbrances on the two Mercedes-Benz vehicles owned by C & O Leasing. Nor did the accountant consider one of two liens on the airplane, which was the sole asset of AMO–DMC. Thus the adoption by the court of the accountant's valuation of these assets was erroneous.

This error and the court's failure to distribute the IRA account requires a reversal and remand for reconsideration of the division of marital property. On remand the court may, at its option, either take additional evidence or make a redetermination based on the evidence in the record. Since there may be a redistribution of marital property, the issue of maintenance must also be reconsidered by the trial court. Our review of the record finds no error as to child support and attorney's fees.

Reversed and remanded in part; affirmed in part.

KAROHL, P.J., and CRANDALL, J., concur.