Frances Nadine **ANDERSON**,
Respondent,

v.

Lee Jerald **ANDERSON**, Appellant.

No. WD 36221.

Missouri Court of Appeals,
Western District.

April 30, 1985.

A.V. McCalley, Richmond, for appellant.

David P. Macoubrie, Cleaveland, Macoubrie, Cox and Valbracht, Chillicothe, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

PER CURIAM:

Husband appeals from a marital dissolution decree. He asserts the trial court erred in finding that (1) a Chevrolet truck and a field sprayer were both marital and non-marital property, and (2) a pension fund account, a bank account, and a life insurance policy were marital property.

The parties were married in 1979. Throughout the marriage, wife taught school and husband farmed. In 1981, in order to fund a pension plan and to market his crops, husband formed a corporation, Lee Anderson, Inc., of which he is the sole shareholder and employee. The corporation owns no real property and no machinery and rents land from husband. Husband provides all labor, machinery, seeds, and chemicals to the corporation and is paid an annual salary. Every year, the corporate profits are placed in husband's pension fund, which is vested in husband.

The trial court equally divided the marital property and debts. Wife was awarded cash and personal property, having a total value of $25,357.51. Husband was awarded cash and personal property, having a total value of $75,892.43, including his pension fund (valued at $31,299.93) and a corporate bank account and a life insurance policy (valued at $2,200). Husband was also ordered to pay wife $20,000 and to pay a $10,000 marital debt. The net effect of the court order was to award each party approximately $45,000 in marital property.

The court also set aside to both parties their non-marital property, but valued neither the personalty nor the realty involved. In dividing marital property, the trial court must take into account "all relevant factors," including "the value of the property set apart to each spouse." Section 452.330.1(2), RSMo.Cum.Supp.1983.

The parties have not raised the court's failure to value the separate property, which involved a great deal of personalty of both parties. Included was realty, on which the mortgages had been reduced a commensurate amount during the marriage, including a 10-acre tract, apparently representing the house wife had purchased with former husband's life insurance proceeds, and husband's land, which was in excess of 450 acres. However, the holding in *Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc 1984), implies that, unless specifically requested, a trial judge no longer need assign a specific value to such property. Additionally, it is evident in this case that the trial judge, while not specifically valuing the separate non-marital property, considered that factor in making his decree. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). As the *Dardick* court stated,

> Nevertheless, ... appellate courts can evaluate the trial court's division of the marital property in a meaningful fashion based on the evidence in the record. Nothing in the statute suggests to us that the legislature contemplated a closer degree of scrutiny.

*Dardick, supra,* 670 S.W.2d at 868.

Husband asserts the court erred in setting aside to him a Chevrolet truck and a field sprayer, valued at $4,887.00, as his separate marital property and by finding the same truck and sprayer were his non-marital property. He contends the classification of the property as marital property

resulted in an unfair imbalance of an otherwise substantially equal award.

It is axiomatic that "we must defer to the trial court's superior opportunity to judge the credibility of witnesses and must sustain its order unless there is no substantial evidence to support the judgment or the judgment is against the weight of the evidence." *Oldfield v. Oldfield*, 666 S.W.2d 17, 18 (Mo.App.1984). There was substantial evidence to support the court's finding that the truck and sprayer were marital property. The classification of the same property as husband's non-marital property has no effect on the judgment and does not constitute reversible error.

The transcript is of little aid in resolving this issue. Husband's testimony as to what property he owned at the time of the hearing and throughout the marriage is, at best, ambiguous. Nonetheless, wife's Exhibit No. 2, listed, as marital property acquired in 1979, one Chevrolet truck and one field sprayer, valued at $4,887.00 and husband's Exhibits Nos. 6 and 7 listed one Chevrolet truck and one field sprayer as non-marital property, acquired before 1979. The parties' testimony, however, never indicated the existence of more than one truck and sprayer. The trial court was in a position to judge the credibility of the witnesses, *Id.* at 18; *Schreier v. Schreier*, 625 S.W.2d 644, 650 (Mo.App.1981), and his conclusion that the items constituted marital property is not an abuse of discretion. That the court also included the property on husband's list of non-marital property was harmless error, not affecting the judgment. *In re Marriage of Garrett*, 654 S.W.2d 313, 316 (Mo.App.1983).

■ Husband also asserts the trial court erred in finding that the Lee Anderson, Inc. pension fund, bank account, and insurance policy were marital property because those items belonged to the corporation and not to him personally. As part of husband's marital property, the court set aside an item listed as "Lee Anderson, Inc. stock (Including Ludlow Bank account of $300.00 and life insurance policy with cash value of $1,900.00)", whose total value was assessed at $2,200.00.

Husband, the sole shareholder and employee of Lee Anderson, Inc., owns all of the land and equipment used by the corporation and supplies to it everything needed to grow crops. Husband testified that whether or not the corporation will continue to sell crops depends entirely on his decision to either close out the corporation or continue its existence. The corporate income is used solely for husband's salary and the pension fund. The insurance policy is paid for and owned by the fund and husband testified he considers the corporate bank account as his to spend. The trial court's order set off to the husband the "stock," which transferred to the husband the corporation and its assets. The description of the assets is merely surplusage and does not affect the decree.

■ The court's decree also listed as marital property, to be set aside to husband, a "Lee Anderson, Inc., Pension Account," having a total value of $31,299.93. The evidence established the fund was created during the marriage and was vested in husband. As such, the court did not abuse its discretion in designating the fund as marital property. *Kuchta v. Kuchta*, 636 S.W.2d 663, 665 (Mo. banc 1982); *Campbell v. Campbell*, 668 S.W.2d 580, 582 (Mo.App. 1984). The beneficial interest was in the husband and the trustee's bare legal title does not make the decree erroneous, as an attempt to set off to the husband property of another. The decree properly set off to the husband the beneficial interest in the trust fund.

Affirmed.