William F. BROOKS,
Petitioner/Appellant,

v.

Carol J. BROOKS,
Respondent/Respondent.

No. 66163.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 24, 1995.

Rehearing Denied Dec. 11, 1995.

Deborah Jean Tomich, St. Charles, for appellant.

Michael A. Turken, St. Charles, for respondent.

CRAHAN, Presiding Judge.

Husband appeals provisions of a decree of legal separation pertaining to division of property and an award of attorney's fees to Wife. We affirm in part and reverse and remand in part.

Husband's first two points concern the court's division of 95 acres of property which was the location of the marital home. It is undisputed that Husband purchased this property in 1968, approximately 9 years prior to the parties' marriage in 1977. The court found that Husband had put $1,000 down on the property and had reduced the principal on the loan from $46,000 to $42,500 at the time of the marriage. The court further found that the parties had made $40,000 in improvements to the property from marital contributions and had also used marital funds to reduce the loan principal by a further $31,000 for a total marital contribution of $71,000.

In dividing the property, the trial court credited Husband with a total nonmarital contribution of $4,500, comprised of the $1,000 down payment and $3,500 of principal paid prior to the marriage. It then calculated that the marital contributions comprised 94% of the total amount expended on the property ($71,000 ÷ ($71,000 + $4,500)). This percentage was then applied to the equity in the property at the time of trial, which the court found to be $232,000,[1] resulting in a valuation of $218,000 for the marital portion of the 95 acres and marital home. This was awarded to Husband subject to the outstanding indebtedness on the property, which Husband was ordered to assume.[2]

---

1. The trial court arrived at its equity figure by subtracting first and second mortgages of $18,000 and $35,000 from the parties' "stipulated value" of $285,000. On appeal, however, the parties agree, and the record confirms, that the value stipulated by the parties was $264,000. On remand, the trial court is directed to use that figure in calculating the equity in the marital residence.

2. Although the property was awarded to Husband, he is aggrieved by the valuation insofar as it affects the amount of an offsetting cash award to Wife to equalize the distribution of property.

Husband complains that the trial court's valuation of the marital portion of the property is erroneous because, *inter alia*, it fails to credit him with any appreciation in the value of the property which occurred prior to the marriage, which he claims must rightfully be set aside to him as his separate property. We agree. As explained in *Herr v. Herr*, 705 S.W.2d 619, 623–24 (Mo.App. 1986):

> [u]nder the source of funds rule, when property is acquired by an expenditure of both nonmarital and marital property, the property is characterized as part nonmarital and part marital. Thus, a spouse contributing nonmarital property is entitled to an interest in the property in the ratio of the nonmarital investment to the total nonmarital and marital investment in the property. The remaining property is characterized as marital and its value subject to equitable distribution. Thus the spouse who contributed nonmarital funds, and the marital unit that contributed marital funds each receive a proportional and fair return on their investment.

*Herr* set forth the formula to be used as:

$$\text{nonmarital property} = \frac{\text{nonmarital contribution}}{\text{total contribution}} \times \text{equity}$$

$$\text{marital property} = \frac{\text{marital contribution}}{\text{total contribution}} \times \text{equity}$$

*Id.* at 625. "Nonmarital contribution" is defined as the equity in the property at the time of marriage, plus any reduction of mortgage principal from expenditure of traceable nonmarital funds, and/or the value of improvements made to the property from such nonmarital funds. *Id.* "Marital contribution" is defined as the amount expended after marriage from other than nonmarital funds in the reduction of mortgage principal, plus the value of all improvements made to the property after marriage from other than nonmarital funds. *Id.* "Total contribution" is the sum of nonmarital and marital contributions, and "equity" is the equity in the property at the time of distribution. *Id.* Finally, "[e]hancement in the value of a spouse's separate property which is caused by appreciation, inflation, changing economic conditions, or circumstances beyond the parties' control is not jointly acquired property unless the non-owning spouse can prove that his/her contributions were also a causal factor." *Id.* at 622 quoting *Templeton v. Templeton*, 656 P.2d 250, 252 (Okla.1982).

The error in the trial court's calculation is that it utilized Husband's out of pocket expenditures instead of his equity in the property at the time of the marriage in determining his nonmarital contribution and the total contributions for purposes of the formula set forth in *Herr*. This fails to give Husband any credit for the appreciation in the value of his separate property prior to the marriage. On remand, the trial court must recalculate the value of the marital and nonmarital interests in the property utilizing Husband's equity at the date of the marriage instead of his premarital reductions of principal.[3]

Husband urges, however, that no remand is necessary or appropriate. Husband points out that under § 452.330.2(5) RSMo. 1994, an increase in value of separate property can constitute marital property only if marital assets or labor contributed to "acquiring" that increase, and then only in proportion to the marital contributions. In order to calculate the increase during the marriage, it is necessary to establish the value of the property at the time of the marriage. *Winter v. Winter*, 712 S.W.2d 423, 427 (Mo. App.1986). Further, the non-owning spouse

---

3. The trial court made no finding that there were any nonmarital contributions during the marriage, nor does Husband's brief contend that there were any. Thus, in this case, the equity at the time of the marriage equals the nonmarital contribution. Husband is not to be credited with both the equity at the date of the marriage and his pre-marriage expenditures because such expenditures are taken into account in determining his equity.

must show that her contributions were also a causal factor in the increase in value. *Herr,* 705 S.W.2d at 622. Here, because Wife failed to establish the value of the property at the date of the marriage, Husband reasons that there is no basis for a finding that any portion of the increase in value was marital property. Thus, Husband urges that the entire increase in value must be treated as nonmarital property. We disagree.

Husband's argument overlooks the fact that the trial court found that a substantial portion of the increase was marital property. Although we find it necessary to reverse the trial court's calculation of the marital portion of the increase for the reasons set forth above, the issue at this juncture is whether there was evidence to support the trial court's conclusion that any portion was marital. The evidence disclosed that the property appreciated by more than $200,000 in value in approximately 26 years. The parties were married for the latter 17 of those 26 years and the trial court found that they had expended marital funds to reduce the amount owed on the property by $31,000. In addition, the trial court found that some $40,000 of marital funds were expended on improvements which could be expected to enhance the value of the property.[4] We find that this evidence supports the inference that at least some portion of the increase was produced by the expenditure of marital funds. Under such circumstances, we hold that the case may properly be remanded to permit the parties to introduce evidence of the value of the property at the date of the marriage, which will enable the trial court to recalculate the marital and nonmarital portions of the increase in value as set forth above.

Husband also attacks the trial court's valuation of two items of personalty, a time-share interest in a vacation condominium and an equity line of credit which the court treated as an asset with a value of $5,300.

The trial court treated the time-share as personal property "having a value of $10,000" and awarded it to Husband. However, the court made no mention of or any adjustment for any lien on the property although the parties' testimony indicated it was encumbered by a lien of $7,900 to $9,000. Debts incurred during marriage are not marital property and a trial court is not obligated to distribute marital debts. *Barth v. Barth,* 790 S.W.2d 246, 252 (Mo.App.1990). However, the court must consider encumbrances on specific assets in determining their value. *Welsh v. Welsh,* 869 S.W.2d 802, 807 (Mo.App.1994). Courts "distinguish between encumbrances which impose liens upon the assets, and a general obligation," *Oldfield v. Oldfield,* 666 S.W.2d 17, 19 (Mo.App.1984), and define the value of an interest in a property awarded to a party as the fair market value of the property less the lien. *Oldfield,* 666 S.W.2d at 19, citing *Cole v. Cole,* 633 S.W.2d 263, 265 (Mo.App.1982).

Because it was undisputed that the time-share interest in the condominium was encumbered by a lien, it was error to value the time-share as if it was completely unencumbered. On remand, the trial court shall determine the amount of the lien at the time of the hearing and deduct it from the fair market value of the time-share in determining the value of this item.

The court also awarded Husband a line of credit at Mercantile bank and assigned it a value of $5,300. Husband maintains that this was in fact a $35,000 line of credit—*i.e.*, a loan, which was a second mortgage on the 95 acres with a balance due of $30,400. Elsewhere in the decree, Husband was required

---

4. Husband also complains that the court erred in giving Wife full credit for the $40,000 in expenditures made during the marriage because there was no evidence that the expenditures increased the value of the home by $40,000. Husband insists that these expenditures were maintenance, not improvements, and therefore should not be considered in calculating the marital contribution. We find no error. The question of whether an increase in the value of separate property was produced by marital funds or efforts is usually a question of fact. *In re Marriage of Schatz,* 768 S.W.2d 607, 611 (Mo.App.1989). As noted above, the evidence disclosed a substantial appreciation in the value of the property. In addition, Wife offered testimony and receipts showing expenditures for a pole barn, a new deck, relocating the driveway, replacement of a concrete sidewalk, installation of solid oak flooring, refurbishment of the lower level and other improvements. It is not unreasonable to infer that these types of improvements contributed to the increase in the value of the property.

to hold Wife harmless on this loan. Husband contends that it was error, therefore, to treat this item as an asset.

Wife contends that this "award" was justified by evidence that Husband withdrew and apparently squandered $5,000 from the available line of credit after the parties' separation without her knowledge or permission. Wife also points to evidence of a $4,300 certificate of deposit, also with Mercantile Bank, which was cashed and spent by Husband after the separation. Wife points out that where a party has intentionally secreted or squandered assets in anticipation of divorce, the court may hold that party liable by awarding it to him. *S.L.J. v. R.J.,* 778 S.W.2d 239, 244 (Mo.App.1989). The difficulty here is that we have no way of determining whether this is what the trial court was attempting to do. The figure utilized by the court does not match either the amount allegedly drawn on the line of credit or the amount of the certificate of deposit. Although there is evidence which would support attribution of either, both or some portion of both amounts, we cannot discern the trial court's intent from the face of the order and, without further explanation, the order cannot be reconciled with the evidence. On its face, the line of credit is indeed a loan, not an asset. We therefore remand this item for clarification of the court's intent.

Finally, Husband argues the court abused its discretion in ordering him to pay $11,996 in attorney's fees and $541 in costs for Wife's benefit. Greater ability to pay is a sufficient basis to support an award of attorney's fees. *See In re Marriage of Stuart,* 805 S.W.2d 309, 314 (Mo.App.1991). Here Husband had income of $68,000 per year while Wife was self-employed as a dog groomer. Even with the maintenance ordered by the court, Wife has projected earnings of less than $18,000 per year. Although Wife admitted that she could earn more by working more days per week, there is no indication that the disparity in income could be substantially eliminated. We find no abuse of discretion in awarding her attorney's fees. Nor do we find that the possibility that the property division will be adjusted on remand justifies remand of this issue. The only errors identified can be expected to increase Husband's separate property or to reduce the total value of the marital property divided in the decree. Thus, the limited remand ordered herein is unlikely to increase the overall value of the property awarded to Wife. Under such circumstances, we see no basis for disturbing the award of attorney's fees and costs.

The trial court's valuation and award of the 95 acres and marital residence, time-share interest in the condominium, line of credit at Mercantile Bank and the offsetting cash award to Wife are reversed and remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

CRANDALL and DOWD, JJ., concur.