Allen J. ALEXANDER, Appellant,

v.

Carol Jean ALEXANDER, Respondent.

No. WD 54109.

Missouri Court of Appeals,
Western District.

Dec. 23, 1997.

Dana J. Macoubrie, Cleaveland, Macoubrie and Cox, Chillicothe, for appellant.

Michael J. Svetlic, Douglas G. Wemhoff, Svetlic, Wieland & Wemhoff, Kansas City, for respondent.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

ELLIS, Presiding Judge.

Allen J. Alexander (Husband) appeals from a judgment in the Circuit Court of Livingston County dissolving his marriage to Carol Alexander (Wife). Specifically, Husband challenges a portion of that order finding that Wife was entitled to $12,500 in equity for her contributions to the increased value of the non-marital house in which the couple resided.

Prior to their marriage, Husband executed a revocable trust naming himself as the sole beneficiary.[1] Into this trust, Husband transferred all of his household furniture, furnishings and fixtures; his retail auto parts store; and a residence located at 1610 Rosewood in Chillicothe, Missouri. Husband and Wife were married on October 28, 1993. Husband had two children from a previous marriage, and Wife had three children from a previous marriage.

In anticipation of moving in together, the couple agreed that improvements needed to be made to the house at 1610 Rosewood. These improvements included closing off a dining room to make a bedroom for Wife's daughter, remodeling the kitchen, building a walk-in closet, closing off a bathroom to make it private, and wallpapering the bedroom. Husband took out a $25,000 loan from the Citizens Bank and Trust Company to pay for these improvements, which were completed shortly after the couple returned from their honeymoon. In 1995, a new roof was put on the house, and the house was repainted.

The couple separated on May 6, 1996, and shortly thereafter, Husband filed a Petition for Dissolution of Marriage in the Circuit Court of Livingston County. A hearing on the petition was held on January 29, 1997. On February 19, 1997, the trial court entered a judgment dissolving the marriage and dividing the marital property. In relevant part, the trial court found:

> ... that [Husband] owns a non-marital residence located at 1610 Rosewood Circle, Chillicothe, Livingston County, Missouri, which was of a value of $60,000 at the time of the parties marriage date, and as a result of [Wife]'s contributions during the marriage and marital improvements is now worth between $85,000 and $120,000. [Wife] should therefore receive as a matter of equity from Husband the sum of $12,500 in recognition of [Wife]'s contributions during the marriage.

In his sole point on appeal, Husband contends the trial court erred in awarding Wife $12,500 of equity in the house at 1610 Rosewood. Husband claims that the record contains no evidence that Wife made any contribution to the increase in the value of the house.

We must affirm the judgment in a dissolution case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Patroske*, 888 S.W.2d 374, 378 (Mo.App. S.D.1994). In reviewing the decision of the trial court, we must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's decision and disregard all evidence and inferences to the

---

1. The trust was called the Allen J. Alexander Revocable Trust Agreement.

contrary. *Sinclair v. Sinclair,* 837 S.W.2d 355, 357 (Mo.App. W.D.1992).

Generally, any property acquired by a spouse prior to marriage is that spouse's separate property upon dissolution of the marriage. *Jensen v. Jensen,* 877 S.W.2d 131, 136 (Mo.App. E.D.1994). However, any "increase in the value of separate property can constitute marital property if marital assets or labor contributed to 'acquiring' that increase ..." *Meservey v. Meservey,* 841 S.W.2d 240, 245 (Mo.App. W.D.1992) (citing § 452.330.2(5)). The marital share of the increase in value is proportionate to the amount of marital funds or effort devoted to its acquisition. *Id.* The marital contribution includes any marital assets which were applied toward the purchase or improvement of the property in question. *Moritz v. Moritz,* 844 S.W.2d 109, 112 (Mo.App. W.D.1992). The trial court has considerable discretion in determining whether non-marital property has increased in value and whether the increase should be determined to be marital property, and its decision will not be disturbed absent a clear abuse of discretion. *Patroske,* 888 S.W.2d at 378. "We are to presume the trial court's order is correct, and the party challenging it has the burden of overcoming that presumption." *Id.*

The evidence sufficiently establishes that over $25,000 worth of improvements were made to the house during the marriage and that those improvements increased the value of the home. The only evidence presented at trial regarding how these improvements were financed was the testimony of Husband. Husband testified that he took out a $25,000 loan, secured by a deed of trust on the house, to pay for the initial improvements to the home, and he further testified that he "paid off" that loan with the proceeds from the sale of his parts store eighteen months later. No documentation relating to the loan or any payments ever made thereon were placed into evidence. Husband contends that since Wife produced no evidence regarding the payment of the loan or any services relating to the home improvements,

the trial court was obligated to accept Husband's testimony and to find that the improvements resulted solely from non-marital funds and efforts.

Initially we note that Husband merely testified that he "paid off" the loan after the sale of the parts store in 1995. He did not offer any testimony regarding how much money was left on the loan at that time. Nothing in the record indicates that Husband had any non-marital source of funds during the eighteen months between the completion of the improvements and the sale of the parts store. The trial court could reasonably have inferred that marital funds were expended to make payments on the loan. *Boyce v. Boyce,* 694 S.W.2d 288, 291 (Mo.App. W.D.1985); *See also In re Marriage of Gilmore,* 943 S.W.2d 866, 873 (Mo.App. S.D.1997) (where the husband's testimony failed to identify the source of loan payments made between the date of marriage and the date of payoff, the trial court could infer that these payments were made with marital funds); *Moritz v. Moritz,* 844 S.W.2d 109, 112–14 (Mo.App. W.D.1992) (where trial court presumed that marital funds went toward mortgage payments even though wife testified that house was bought with gift down payment in 1979, that it was paid off with another gift in 1984, and that money applied to mortgage payments did not come from husband).

Furthermore, the trial court was free to believe or disbelieve all, part or none of the testimony of any witness. *Glenn v. Glenn,* 930 S.W.2d 519, 524 (Mo.App. W.D. 1996). As the trier of fact, the trial judge can disbelieve and disregard even uncontradicted testimony. *Mehra v. Mehra,* 819 S.W.2d 351, 357 (Mo. banc 1991); *In re Marriage of Lewis,* 808 S.W.2d 919, 922 (Mo.App. S.D.1991). Accordingly, the trial court was free to disregard Husband's unsupported claim that he paid off the loan using money from the sale of the parts store and could reasonably have determined that marital funds were used to make payments on the loan.

However, Husband has also pointed out that the trial court's findings regard-

ing the value of property and the cause of any increase in value were inadequate and not supported by the evidence. Under the "source of funds" rule applied in Missouri, property is considered to be acquired as it is paid for, and incremental property values are allocated proportionately to either marital or nonmarital estates according to the source of funds used to purchase or improve the property. *Moritz v. Moritz,* 844 S.W.2d 109, 112 (Mo.App. W.D.1992). The proper formula to use in determining the marital interest in a *debt-free* property that has been acquired through the investment of both marital and nonmarital funds is: (marital contribution / total contribution) X value. *Id.*[2] "Marital contributions" include amounts expended after marriage from other than nonmarital funds toward the purchase of the property and the value of all improvements made after marriage from other than nonmarital funds. *Id.* The "total contribution" is the sum of marital and nonmarital contributions. *Id.* "Nonmarital contributions" include "the equity in the property at the time of marriage, plus any reduction of mortgage principal from expenditures of traceable nonmarital funds, and/or the value of improvements made to the property from such nonmarital funds." *Brooks v. Brooks,* 911 S.W.2d 631, 633 (Mo.App. E.D.1995). Value is the total value of the property at the time of its distribution. *Neal v. Neal,* 776 S.W.2d 861, 867 (Mo.App. S.D.1989). Consequently, "[i]n order to accomplish a proper division under the 'source of funds' rule, it is necessary to know the values of the property at the time of the marriage, the values at the time of the hearing and the source of funds responsible for any increases in value." *In re Marriage of Spence,* 943 S.W.2d 373, 376 (Mo.App. S.D.1997) (quoting *Winter v. Winter,* 712 S.W.2d 423, 427 (Mo.App. E.D.1986)).

■ The trial court's findings were insufficient on all three counts. While the trial court found the house was worth $60,000

at the time of marriage, the record does not support this finding. The only evidence presented regarding the pre-marital value of the house was Husband's testimony that he purchased the house sometime in 1990 for $60,000. No evidence was presented regarding the value of the house when the couple was married in October of 1993. A determination of the owner spouse's equity in a separate property as of the date of marriage is necessary in order to calculate the value of the marital and nonmarital interests in the property. *Brooks v. Brooks,* 911 S.W.2d 631, 633 (Mo.App. E.D.1995). Husband was entitled to be credited for any appreciation in the value of the home prior to marriage. *Id.* On remand, the trial court should determine Husband's equity in the house at the time of marriage rather than simply applying the amount paid by him at the time of purchase. *Id.*

■ In addition, the trial court failed to make a specific finding regarding the value of the house at the time of the hearing. The court's finding that the value of the property at the time of hearing fell somewhere between $85,000 and $120,000 was not sufficiently specific to properly apply the "source of funds" formula. Moreover, the evidence on which the court based those two numbers is questionable. The $120,000 figure was based solely on the fact that Husband was attempting to sell the house for that amount. The $85,000 figure was apparently established by adding the $25,000 of improvements to the original purchase price of $60,000. The trial court also failed to make a finding regarding the value of the marital contributions to the home.

■ For the foregoing reasons, we find that the trial court's award of $12,500 to Wife was arbitrary. Because there was no evidence from which the trial court could have based its finding of an increase in the value of the house based on the marital improve-

---

**2.** Where the property has encumbrances, "equity" is substituted for "value" in the formula, as follows: nonmarital property = (nonmarital contribution / total contribution) X equity. *Brooks v.* *Brooks,* 911 S.W.2d 631, 633 (Mo.App. E.D. 1995). "Equity" is the equity in the property at the time of distribution. *Id.*

ments, we remand the case for further proceedings. *In re Marriage of Spence,* 943 S.W.2d 373, 376 (Mo.App. S.D.1997).[3] "On remand, the trial court should determine the increase in value of the property, if any, since the date of marriage which has been attributable to marital contributions, declare that increase as marital property, and utilize its discretion in awarding the marital property." *Id.* at 376–77. In so doing, the trial court should allow the parties to introduce further evidence on those issues. *Id.*[4]

The judgment is reversed and remanded for further proceedings consistent with this opinion.

All concur.

3. Both parties ignore the issue of marital assets and focus their arguments on whether the increase in value resulted from Wife's marital labor, effort or services. There is no indication that the trial court based its decision on labor rather than assets. For marital labor or services to result in an equitable share in an increase in the value of non-marital property, there must be comprehensive substantiation and proof of substantial services directly related to the increase in value. *In re Marriage of Patroske,* 888 S.W.2d 374, 379 (Mo.App. S.D.1994). None of the services provided by Wife were sufficiently related to the increase in the value of the house to support a judgment based on this line of argu-

ment. The general rule in Missouri is that the "performance of usual spousal duties is not the type of substantial contribution contemplated as the basis for establishing that an increase in the value of otherwise separate property constitutes marital property." *Id.; Meservey,* 841 S.W.2d at 245 n. 1.

4. While we noted earlier that the trial court could reasonably have based its decision that the improvements made to the house were marital on an inference that marital funds were used to make payments on the loan, further evidence may well dispel that inference.