**Jan Kaye BOSCHERT, Appellant,**

v.

**Thomas Henry BOSCHERT, Husband.**

**No. ED 79065.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 30, 2002.

Michael R. Hanson, O'Fallon, MO, for Appellant.

Michael P. Shea, St. Charles, MO, for Respondent.

PAUL J. SIMON, Judge.

Jan K. Boschert, wife, appeals the judgment of the Circuit Court of St. Charles County dissolving her marriage to Thomas H. Boschert, husband. On appeal, wife contends the trial court erred in: 1) awarding $21,259.23 to husband as his marital and nonmarital interest in wife's residence resulting from his expenditures in the finished basement, in that the trial court misapplied the law in that the law of gifts or transmutation of property and not the source of funds rule should apply; 2) determining the values of marital and non-marital interests of wife and husband in the wife's residential property under the source of funds rule, in that the values found by the trial court are not supported by substantial and competent evidence; 3) calculating the premarital value of the separate property of the wife, the contribution of the husband to said property, the marital interest in said property, and the present value of said property were arbitrary and capricious and constitute an abuse of the trial court's discretion given the evidence at trial; 4) failing to take husband's 1996 tax liability into consideration to offset any interest that he may have had in wife's marital residence; 5) dividing debt in that wife was ordered to pay the home equity loan that was incurred during the marriage for marital expenses, without contribution from husband or set-off against husband's property amounts to an abuse of discretion by the trial court; and 6) failing to change wife's last name to "Harris" in conformity with wife's testimony at trial. We affirm the judgment as modified.

 We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976). We defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the judgment, disregarding all contrary evidence and inferences. *Russ v. Russ*, 39 S.W.3d 895, 898 (Mo.App. E.D.2001).

The record reveals that wife and husband were married on December 27, 1996 and resided in wife's house which she purchased on December 30, 1992 for $118,302.57, financing $53,000 of this amount. The house was titled in wife's name and was not re-titled after the marriage. Wife and husband were employed with annual incomes of approximately $32,000 and $57,000, respectively.

Following the marriage, husband received $29,816.48 from the surrender of his two American Fund accounts and a John Hancock Fund account. Husband contributed $29,200 of this amount toward the cost of finishing the basement of wife's house to accommodate his children from a previous marriage when they visited. The parties contributed an additional $5,100 to complete the basement and $3,950 to paint and re-carpet the upstairs. The financial statements filed by each of the parties and received into evidence at trial valued the residence at $152,000. Wife's real estate appraisal dated August 22, 2000 valued the basement improvement at $20,000. The balance due on wife's first mortgage was $51,000 as of the date of the marriage. On November 2, 1997, the parties applied for a home equity loan and received $9,000 initially. In their application for the loan, the parties stated that the value of the house was $125,000. An appraisal completed for the loan indicated the value of the residence was $150,500. At the time of trial, they owed approximately $16,600 on the home equity loan and there was a balance of $48,600 on the first mortgage. The home equity loan was used to pay the

1997 joint taxes totaling $4,500 and the remainder of the loan was to pay for wife's credit cards, her schooling and a trip to Cancun.

Wife contributed $600 and husband $700 monthly to a joint checking account for payment on the first mortgage, utilities and groceries. Husband took a $15,000 loan on his 401–k Retirement Plan in 1997 to pay the parties' 1996 tax liability and their credit card balances and at the time of trial there was a remaining principal balance of $2,400. In January of 2000, wife had a separate indebtedness to Master-Card in the amount of $1,500.

On or about October 1, 1999, the parties separated and on January 26, 2000, wife filed a petition for dissolution of marriage. Commissioner issued findings, recommen-dations and judgment, which were adopted by the judge. The judgment provided, inter alia, that wife be awarded one-half of the retirement and 401–K benefits accumulated by husband from the date of the party's marriage through the date of the entry of the judgment, the residence was set aside to wife, she was ordered to pay the first mortgage indebtedness and home equity line of credit, she was to remove husband's name from that indebtedness and she was to pay husband $21,259.23 for his nonmarital and marital interest in her house. The trial court utilized the formula in *Brooks v. Brooks*, 911 S.W.2d 631, 633 (Mo.App. E.D.1995) and *Herr v. Herr*, 705 S.W.2d 619, 625 (Mo.App. S.D.1986) to determine the parties' marital and nonmarital property under the source of funds rule:

$$\text{Nonmarital property} = \frac{\text{nonmarital contribution}}{\text{total contribution}} \times \text{equity}$$

$$\text{Marital property} = \frac{\text{marital contribution}}{\text{total contribution}} \times \text{equity}$$

Furthermore, wife was ordered to pay MasterCard debt of $1,500 and to hold husband harmless with respect to that indebtedness. Husband was ordered to "pay the loan against the 401–K plan" and hold wife harmless with respect to said indebtedness.

■ In her first point on appeal, wife contends that the trial court erred in awarding $21,259.23 to husband as his marital and nonmarital interest in wife's house based on his expenditures in the finished basement, in that the trial court misapplied the law in that the law of gifts or transmutation of property and not the source of funds rule should apply. Wife argues that the payment of $29,200 for the basement project with husband's separate property was in the nature of a gift and transmuted the $29,200 from the owner-ship of husband to the ownership of wife and that therefore the money became her separate property.

■ Pursuant to Section 452.330.3 RSMo (2000) (all further references herein shall be to RSMo 2000 unless otherwise indicated), "property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually or by the spouse in some form of co-ownership ..." This presumption is overcome by showing that the property was acquired by a method listed in subsection 2, which provides in pertinent part: "marital property" means all property acquired by either spouse subsequent to the marriage except property acquired by gift, bequest, devise or descent.

A person claiming a gift was made must prove that claim by clear and convincing evidence. *Scism v. Scism*, 844 S.W.2d 506, 508 (Mo.App. E.D.1992).

Nowhere in the record does the word gift appear and neither party referred to the basement remodeling as being a gift. Wife further referred to the $29,200 payment by husband for the finished basement as an "investment" by husband.

Furthermore, wife requested the trial court to apply the source of funds rule in *Brooks v. Brooks*, 911 S.W.2d 631, 633 (Mo.App. E.D.1995), which provides: "when property is acquired by an expenditure of both nonmarital and marital property, the property is characterized as part nonmarital and part marital. Thus the spouse who contributed nonmarital funds, and the marital unit that contributed marital funds each receive a proportional and fair return on their investment." Contrary to wife's assertion, we find no clear and convincing evidence indicating that husband's contribution for the basement was intended to be a gift. Point denied.

■ In her second point on appeal, wife contends the trial court erred in determining the values of the marital and nonmarital interests of wife and husband in the house under the source of funds rule, in that the values found by the trial court were not supported by substantial and competent evidence.

■ To accomplish a proper division under the source of funds rule, it is necessary to know the value of the property at the time of the marriage, the value at the time of the hearing, and the source of funds responsible for any increases in value. *Alexander v. Alexander*, 956 S.W.2d 957, 961 (Mo.App. W.D.1997).

The trial court's findings were supported by substantial evidence in that the November 1997 loan application provided the value of the residence at the time of marriage was $125,000, the parties' financial statements indicated the value of the residence at the time of trial as $152,000, wife testified there was a balance due on the first mortgage of $51,000 at the time of the marriage, it is undisputed that husband contributed $29,200 to finish the basement of wife's house and wife's August 2000 real estate appraisal valued the basement improvement at $20,000. Point denied.

In her third point on appeal, wife contends the trial court erred in its calculation of the premarital value of her separate property, husband's contribution to the residence, the marital interest in the residence and the present value of the residence. In our disposition of wife's second point we found substantial evidence to support these values. Therefore, we do not address this point.

■ In her fourth point on appeal, wife contends that the trial court erred in failing to take husband's 1996 tax liability into consideration to offset any interest that husband may have had in wife's marital residence. The trial court is not permitted to make deductions to the marital estate for estimated tax liabilities absent sufficient evidence to supports its findings. *Baldwin v. Baldwin*, 905 S.W.2d 521, 524 (Mo.App. E.D.1995).

The parties filed a joint tax return for 1996, but it is not part of the record on appeal. Furthermore, wife testified on cross-examination that she did not know how much income tax was paid as a result of husband taking money out of his nonmarital tax-sheltered investment to pay for the basement project. Since there was insufficient evidence in the record to establish any adverse tax consequence, we find that the trial court did not err.

■ In her fifth point on appeal, wife contends the trial court abused its discre-

tion in its division of debt in that the she was ordered to pay the home equity loan incurred without contribution from husband or set-off against husband's property.

 Although the division of marital assets and debt need not be equal, it must be just and equitable. *M.A.Z. v. F.J.Z.*, 943 S.W.2d 781, 786 (Mo.App. E.D. 1997). Division of the marital estate is consigned to the sound discretion of the trial court. *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo.banc 1984). That discretion is considerable, and we will interfere only when the division is so heavily weighted against one party as to amount to an abuse of discretion. *M.A.Z. v. F.J.Z.*, 943 S.W.2d at 786. Absent such an abuse of discretion, we will defer to the trial court even if the evidence could support a different conclusion. *Langdon v. Langdon*, 792 S.W.2d 645, 646 (Mo.App. E.D.1990).

A balance of $16,600 was due on the home equity loan at the time of trial. The loan was secured by the residence, which was awarded to wife. The home equity loan was used to pay the 1997 joint tax liability and the remainder went to pay for wife's "credit cards, schooling, or Cancun." The trial court ordered wife to remove husband's name from that indebtedness. Further, the division of debt by the trial court was approximately 60% to wife and 40% to husband. Therefore, we find no abuse of discretion.

In her sixth point on appeal, wife contends the trial court erred in failing to change her last name to "Harris" in conformity with her pleadings and testimony at trial. Section 527.270 allows a wife to make a request for a name change. There is no reason why wife's request to restore her maiden name should not be granted. *B.J.D. v. L.A.D.*, 23 S.W.3d 793, 800 (Mo. App. E.D.2000). Therefore, we modify the judgment by ordering restoration of wife's

maiden name of Harris. Rule 84.14. As so modified, the judgment is affirmed.

Judgment affirmed as modified.

JAMES R. DOWD, C.J. and LAWRENCE E. MOONEY, J., concur.