**In re the MARRIAGE OF Bobby Dale CANADY and Barbara Sue Canady.**

**Bobby Dale Canady, Petitioner–Appellant,**

v.

**Barbara Sue Canady, Respondent–Respondent.**

No. 26766.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 10, 2006.

Stephen R. Southard, Cape Girardeau, for Appellant.

**536**

Jeffrey P. Dix, Jackson, for Respondent.

PHILLIP R. GARRISON, Judge.

Bobby Dale Canady ("Husband") appeals from a judgment dissolving his six-year marriage to Barbara Sue Canady ("Wife"), contending the trial court erred in ordering the sale of the marital residence ("the home"), which was awarded to him, in sixty days if he had not, by that time, paid wife the amount the trial court determined was one-half of the marital interest in the property. He argues that the sale would not be in the best interests of the parties, that the value placed on the home by the trial court was not supported by the evidence, and that the evidence supporting the value of the home at dissolution was barred by the best evidence rule. We affirm in part and reverse in part.

Husband and Wife were married on February 5, 1998, and separated on or about October 10, 2003. There were no children born to the marriage. Husband filed a petition for dissolution of marriage, and Wife thereafter filed an answer and cross-petition. The case was tried on November 4, 2004, and the trial court entered judgment ordering the marriage dissolved; setting aside to each party their separate non-marital property; separating the marital and non-marital debts; and awarding the home to Husband with Wife to receive $27,500, half of what the trial court determined was the value of the marital interest in the home. In doing so, the trial court determined that the home had a value of $5,000 at the time of the marriage and $60,000 at the time of the dissolution. Husband was ordered to pay Wife the $27,500 within sixty days of the date of the judgment, and if Husband was unable to do so, the property was ordered to be sold with Wife receiving the first $27,500, and

Husband receiving any amounts thereafter. Husband now appeals.

Husband raises five points on this appeal. However, as Points III and IV are dispositive we need not address his remaining claims. In Points III and IV, Husband argues, *inter alia*, that the trial court did not have sufficient evidence to find that the home was worth $5,000 at the time of the marriage, or that it was worth $60,000 at the time of dissolution, and therefore the trial court's division of the marital equity in the home was in error. We agree.

 We will not reverse a dissolution decree unless it lacks competent and substantial evidence or erroneously declares or applies the law. *Farley v. Farley*, 51 S.W.3d 159, 162–63 (Mo.App. S.D.2001). Substantial evidence is competent evidence which if believed by the trial court would have been probative of the issues. *Windy Point Partners, LLC. v. Boone County, Mo., ex rel. Boone County Comm'n*, 100 S.W.3d 821, 825 (Mo.App. W.D.2003). In reviewing a dissolution decree "we accept as true the evidence and inferences therefrom that are favorable to the trial court's judgment and we disregard all contrary evidence." *Farley*, 51 S.W.3d at 163. In doing so, we defer to the trial court's determinations as to the credibility of the witnesses. *In re Marriage of Heirigs*, 34 S.W.3d 835, 841 (Mo.App. S.D.2000).

At the outset we note that there is no dispute that the home is Husband's separate property as it was purchased and paid for in full by him in either 1987 or 1988, some ten years prior to the marriage. Likewise, both parties agree that the home appreciated in value after the marriage due to renovations. While Husband argues that Wife has not carried her burden to prove that marital assets or labor contributed to this increase in value, the record shows substantial evidence that the

funding for the improvements to the home came from Wife's grandmother, and that Wife did contribute at least some amount of labor to the remodeling effort. *See Brooks v. Brooks*, 911 S.W.2d 631, 633–34 (Mo.App. E.D.1995). Therefore, the critical issue on this appeal is whether the trial court's determinations as to the value of the home, both at the time of the marriage and at dissolution, was supported by the evidence.

■ First we consider whether there was competent and substantial evidence presented to the trial court to support its finding that the home was worth $5,000 at the time of marriage. Husband argues that the only evidence of the home's value was his testimony that it was worth $20,000 when the two were married. In order to calculate the extent to which an increase in the value of separate property constitutes marital property, it is necessary, among other things, to establish the value of said property at the time of the marriage. *Brooks*, 911 S.W.2d at 633. An owner is generally competent to testify as to his or her opinion of the fair market value of real estate. *Davis v. Davis*, 107 S.W.3d 425, 430 (Mo.App. E.D.2003). However, in this case it appears that the trial court overlooked Husband's testimony on the subject, as it stated in its decree:

> [Husband] paid $5,000[ ] for this house and lot. [Husband] presented *no evidence* as to the value at the time of the marriage and therefore the Court must find that the value was $5,000[ ]. (emphasis added).

Husband rightly argues that there must be "evidence from which a fair and accurate valuation of the marital property can be made" before the trial court can accurately divide the property. *See Frame v. Frame*, 696 S.W.2d 332, 336 (Mo.App. W.D.1985).

■ The record shows that the trial court's determination that the home was worth $5,000 at the time of the marriage was clearly based upon Husband's testimony that he paid between $5,000 and $7,000 for the house and lot. Although there was some testimony as to the dilapidated condition of the home at the time of the marriage, *nothing in the way of actual value was presented*.[1] Furthermore, as stated above it is clear that the trial court overlooked Husband's testimony that he believed the home to be worth about $20,000 at the time of the marriage. Generally, where a court's valuation of marital property falls into a range established at trial, an appellate court will not disturb that valuation given because it is clearly supported by the evidence. *Wofford v. Wofford*, 991 S.W.2d 194, 200 (Mo.App. W.D.1999). However, here the trial court never considered that there was a "range," and as such can not be credited for having determined that the value fell within it. Therefore, the trial court's judgment that the home was worth $5,000, and its finding that Husband presented no other evidence of its value at the time of the marriage, is not supported by the evidence.

■ Next we consider whether there was sufficient evidence to support the trial court's valuation of the home at $60,000 at the time of dissolution. The only evidence in the record of that value was Wife's testimony that the home was covered by a $60,000 insurance policy. Husband argues that this testimony does not necessarily establish the fair market value of the

---

1. We also note that there is some question as to whether the purchase price of real estate acquired in 1988 would be competent evidence of its value in 1998. *Cf Held v. Held*, 896 S.W.2d 709, 711 (Mo.App. E.D.1995) ("We find instructive the principle from condemnation cases that the purchase price of real estate, *if not too remote in time*, is competent evidence of the fair market value.") (emphasis added).

home. The fair market value of property is that price a willing buyer, under no compulsion to buy, would pay a willing seller in exchange for the property. *Sharaga v. Auto Owners Mut. Ins. Co.*, 831 S.W.2d 248, 253 (Mo.App. W.D.1992). The amount of insurance coverage, while perhaps relevant, does not in and of itself establish the fair market value of the home at the time of dissolution. As Husband points out, insurance coverage could encompass, among other things, replacement and repair costs, which do nothing, alone, to shed light on what a potential buyer would pay for the home.[2]

Generally speaking Wife's testimony as to her opinion of the value of the home would be competent evidence. *See Davis*, 107 S.W.3d at 430. However, the record clearly shows that Wife was not testifying as to her opinion of the fair market value of the home. The trial court characterized the only portion of Wife's testimony pertaining to the value of the home at dissolution as: "[t]he question was, what did you insure the [home] for[?] The answer was, 60,000 [sic]."

The only other evidence of the home's value at dissolution was Husband's testimony that he believed the home was worth $38,000 at dissolution. There was also evidence that, at least at some point, Wife believed the value of the home at dissolution was $38,000. Even if the evidence about the $60,000 value was not barred by the best evidence rule, as Husband argued and which we do not decide, there were values ranging from $38,000 to $60,000 in evidence and the trial court determined that $60,000 was the fair market value of the home at dissolution. As stated above, generally this would be enough to support the trial court's ruling. However, in this case the record reveals that the value the trial court chose to assign to the home,

$60,000, was derived from the amount of insurance coverage, which as stated above, is not in and of itself competent evidence of the home's fair market value.

There was simply a lack of competent and substantial evidence for the trial court's determinations of value both at the time of the marriage and at dissolution. Accordingly, we are constrained to reverse the trial court's judgment as it relates to the distribution of the property, and remand for further proceedings not inconsistent with this opinion. The judgment is otherwise affirmed.

BATES, C.J., and SHRUM, P.J., concur.

---

**2.** The insurance policy itself was not admitted as evidence.