**Sue Finley PLANT, n/k/a Sue Finley Kelly, Appellant,**

v.

**Charles Rex PLANT, Respondent.**

**No. 69089.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 10, 1996.

Lawrence G. Gillespie, Hilton, Gillespie and Kiesewetter, Webster Groves, for appellant.

M. Deborah Benoit, Susman, Schermer, Rimmel & Shifrin, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Sue Finley. Plant (n/k/a Sue Finley Kelly) ("mother"), appeals the judgment of St. Louis County Circuit Court modifying the decree of dissolution and transferring custody of the four minor children to respondent, Charles Rex Plant ("father"). We remand for clarification of the judgment.

On December 2, 1994, the St. Louis County Circuit Court entered a decree of dissolution, ending mother's and father's marriage. The decree gave the parties "joint legal care, custody and control" of their four minor children—Scott, born April 26, 1985, Angela, born January 27, 1987, and Mark and Alec, born July 24, 1989—with "primary physical custody" going to mother. Father was ordered to pay child support of $125 per child per month ($500 per month).[1] The decree incorporated the terms of a written separation agreement, signed by both parties and dated November 18, 1994, which allowed father to have the children for forty weekends out of the year and six weeks in the summer. The separation agreement further provided: "[Mother] shall confer with [father] on all decisions affecting the health, education and welfare of the minor children, including but not limited to extracurricular activities, religious training, psychological or psychiatric treatment or counseling."

On February 28, 1995, mother filed a motion to modify the decree, seeking permission to remove the children to the state of Washington on the grounds she was engaged to a resident of Seattle, was unable to find employment in Missouri, and had better career opportunities in Washington. Mother's prayer requested continuation of the parties' joint legal custody and her primary physical custody. In her amended motion to modify, filed June 8, 1995, mother sought, as before, permission to remove the children to Washington; or, in the alternative, modification of the temporary custody schedule. Mother additionally moved for an increase in child support.

On June 13, 1995, father filed a cross-motion to modify the decree as to custody,

alleging, *inter alia*, the parties had been engaged in disputes as to the physical custody of the children, and could not resolve their problems regarding the custody schedule; "[t]he parties have disagreements regarding fundamental matters for the children, includ-, ing education, place of residence, and matters affecting the custody of the children[;]" mother had not been making adequate financial arrangements for her share of the support obligations; and, father did not believe removal of the children to Washington was in the children's best interest. Father prayed for transfer of primary legal and physical custody to him.

Mother's and father's motions to modify the decree were tried to the court on July 31, 1995. On August 21, 1995, the trial court entered judgment on a pre-printed form entitled "Judgment Modifying Decree of Dissolution." The judgment stated in part:

**(A) Modification of Child Custody and/or Visitation**

... The court hereby finds that a modification is in the best interest of the child(ren) and therefore modifies the decree of dissolution heretofore granted on December 2, 1994 ... in regard to (child visitation) (child custody) as follows:

... Order of custody is modified by granting to ... [father] the care, custody and control of the following minor child(ren)[:] Scott Finley Plant, born April 26, 1985; Angela Janette Plant, born January 27, 1987; Mark Andrew Plant, born July 24, 1989; and Alec Martin Plant, born July 24, 1989.

... Order of temporary custody is modified by awarding to ... [father] temporary custody of said minor child(ren) on[:] See attached Exhibit A.

**(B) Modification of Child Support and/or Maintenance**

... The court finds ... NO change in circumstances so substantial and continuing as to make the terms concerning (child support) ... unreasonable....

1. The trial court found that "application of authorized support guidelines would be unjust and inappropriate."

The judgment further stated, "[Mother]'s Motion To Modify for Leave To Remove the Minor Children from the State of Missouri is denied." Finally, Exhibit A, referred to above, awarded father "reasonable visitation and temporary custody" but provided a standard *Siegenthaler*[2] temporary custody schedule "in the event that the parties cannot agree on specific visitation or temporary custody...." No findings of fact or conclusions of law were entered.

On September 7, 1995, father filed a motion to amend or clarify the judgment. Father asserted the trial court, by means of its August 21, 1995, judgment, granted him "primary legal custody" of the four children. Father further claimed he had enrolled the children in the Sherwood School in the Fox School District, but mother refused to take the children to school during the week of September 5, 1995. Father also claimed a dispute had arisen as to the religious upbringing of the children. Father prayed for an order specifying that father, "because he has primary legal custody, has the ability to make decisions regarding health, education and welfare for the minor children, including where the minor children attend school, where the children will attend church, and for any other and further relief that the Court deems just and proper."

On September 14, 1995, the court issued a handwritten order overruling father's motion "as being unnecessary." According to the court, the judgment was "already sufficiently clear." Mother's appeal followed.

■ As we are unable to discern, exactly, the kind of custody each parent was awarded, we do not address mother's points on appeal. In their briefs, the parties regard the trial court's judgment as abrogating joint legal custody and transferring sole legal custody to father, while retaining primary physical custody in mother. However, reading the terms of the judgment, we cannot state with certainty that this is what was ordered.

■ Missouri recognizes two forms of custody: "legal custody," which refers to the parents' decision-making rights, responsibilities, and authority relating to the child's health, education and welfare; and "physical custody," which concerns with whom the child will reside to receive care and supervision. RSMo § 452.375.1 (1994). Here, the trial court's judgment failed to indicate what kind of custody was awarded to each parent. The court granted to father "the care, custody and control" of the children, without further elaboration. While such an award appears to encompass primary physical custody, this would be inconsistent with the court's award of temporary custody and visitation rights to father.

As we do not wish to misinterpret the trial court's judgment, cause is remanded for clarification of the judgment as to the custody of the children.

DOWD, P.J., and REINHARD, J., concur.

2. *See Siegenthaler v. Siegenthaler,* 761 S.W.2d 262, 266 (Mo.App. E.D.1988).