In re the MARRIAGE OF Sharon L. BROWN and Stacey O. Brown

Sharon Lee Brown,
Petitioner/Respondent,

v.

Stacey Orlando Brown,
Respondent/Appellant.

No. ED 93084

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 2010.

Sharon L. Brown, St. Louis, MO, pro se.

Frank J. Niesen, III, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Husband appeals from a decree of dissolution of marriage. On appeal, he claims the trial court erred in failing to make an express determination of paternity, in awarding "joint" legal custody to wife, and in failing to award attorney's fees to him. We remand for an express determination of paternity and for an order addressing both parties' request that the child's birth certificate be amended. We also reverse and remand for clarification of that part of

the judgment awarding legal custody. In all other respects, we affirm.

Stacey Brown (husband) and Sharon Brown (wife) were married in June 1998. There was one child, T.B., who was born prior to the marriage on February 3, 1994. On June 18, 2008, wife filed a petition for dissolution of marriage and for declaration of paternity, custody, and support. In her petition, wife alleged that husband was the biological father of T.B. She sought a court order declaring husband to be the biological father of T.B. and an order amending T.B.'s birth certificate to show husband as the father. She also requested that the trial court grant joint legal and joint physical custody of T.B. to her and husband. Husband filed an answer and counter-petition for dissolution of marriage in which he acknowledged that he was T.B.'s biological father and sought a court order declaring him to be T.B.'s father. Husband also sought a court order that T.B.'s birth certificate be amended to show husband as the father. At trial, husband and wife both testified that husband was T.B.'s biological father. Also during trial, wife testified that she was seeking sole legal and sole physical custody of T.B.

The trial court thereafter entered a decree dissolving the marriage. As relevant to this appeal, the trial court found that both parties had testified that husband was the biological father of T.B. and that no other man had acknowledged T.B. as being his own. It found that husband had "affirmatively asserted his paternity in, to and over the child." The court further found that although wife had requested joint legal and joint physical custody of T.B. in her petition, she testified that she was seeking sole legal and sole physical custody. It found that wife was a more appropriate physical custodian for T.B.

The court then made the following order with respect to custody:

### E. Custody

*The Court awards joint legal custody of the above-named minor child to Wife.* Wife shall have sole physical custody of the child. Wife's residence is also designated as the primary residence of the minor child for mailing and educational purposes pursuant to RSMo. § 452.375. The Court has considered the public policy stated in RSMo. § 452.375.4 and each of the factors listed in RSMo. § 452.375.2 and enters orders of custody and visitation in accordance with the Parenting Plan submitted by [Wife], attached hereto as Exhibit 4.

(Emphasis added.) Exhibit 4, referenced in the judgment, had a section entitled "Legal Custody," which contained paragraphs 6 through 13. Paragraph 6 provided:

6. *Legal Custody: Mother shall confer with Father, before making any final decisions on issues affecting the growth and development of the child(ren)* .... However, each parent may make decisions regarding the day-to-day care and control of the child(ren) and in emergencies affecting the health and safety of the child(ren) while the child(ren) is(are) residing with him or her. The parents shall endeavor, whenever reasonable, to be consistent in such day-to-day decisions. *There shall be no shared-decision making because the parents do not communicate and have been unable to communicate.*

Paragraph 13 provided:

13. *Resolution of Disputes:* If the parties fail to agree on the interpretation of the Parenting Plan, or are unable to agree upon a final decision on issues affecting the growth and development or health and safety of the child(ren), they shall submit the dispute to a mutually agreed mediator and shall make a good faith effort to resolve their differences through the mediation process. In the event they are not able to agree on a mediator they shall each select a mediator from the list of approved mediators maintained by the St. Louis County Family Court and the two mediators shall determine who shall mediate the case. In the event that the parties cannot resolve the dispute by mediation they may file a motion and submit the issue to the Court.

(Emphasis added.) The trial court also ordered each party to pay his or her own attorney's fees.

## DISCUSSION

### Preservation of Error

The first two points have not been preserved for appeal because husband did not file a post-trial motion pursuant to Rule 78.07(c). Rule 78.07(c) provides: "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." The purpose of this rule, as amended in 2005, has been explained as follows:

The amendment [to Rule 78.07] was intended to reduce and discourage appeals and subsequent technical reversals for errors in the form of judgments that could easily be corrected by bringing them to the attention of the trial judge. Observation has shown that there have been very few second appeals after the findings are made on remand despite what experience tells us are probably few changes on the merits in the new order. We suspect that this is so because often there was substantial evidence in the record to support findings

in favor of the non-appealing party but, under our case law, we could not look to that evidence in the absence of findings.

The situation before the amendment allowed a substantial waste of judicial time and even more importantly a waste of emotional and financial resources of the parties in appeals securing reversals but with no substantive changes in the court's eventual judgment. Moreover, the then state of appellate review of these types of claims conflicted with the provisions of Rule 84.13(b), which states, "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant *materially affecting the merits of the action.*" (Emphasis added.)

*Wilson–Trice v. Trice,* 191 S.W.3d 70, 72 (Mo.App.2006). In this case, husband did not make a motion to amend the judgment based on his allegations that the court failed to make a paternity finding or made internally inconsistent findings relating to its award of legal custody. Had husband included these errors in a Rule 78.07(c) motion to amend the judgment, the trial court could have addressed these issues and clarified its judgment. For this reason, these two points are not preserved for appeal. *See Kinner v. Scott,* 216 S.W.3d 715, 721 (Mo.App.2007); *Wilson–Trice,* 191 S.W.3d at 72. Nevertheless, because a child is involved, we will review them.

## I. *Paternity Finding*

■ For his first point, husband asserts that the trial court erred in ordering him to pay child support and by determining the physical and legal custody of T.B. without first finding that husband was the biological father of T.B.

The trial court made the following findings related to paternity:

There is one unemancipated child born prior to the marriage: [T.B.], born February 3, 1994. Husband's name does not appear on the birth certificate of child. The parties both testified that Husband is the biological father of the minor child. No other man who might be the father has acknowledged the child as his own by affirmatively asserting his paternity in, to and over the child. Husband has affirmatively asserted his paternity in, to and over the child. Husband is requesting that the child's birth certificate be amended to show that he is the biological father.

Although these findings indicate that there is no dispute that husband is the biological father of T.B., the court did not expressly so find. In addition, if the trial court had found husband to be T.B.'s biological father, it was statutorily required to order "that an amended birth registration be made pursuant to Section 210.849." Section 210.841.2 RSMo (2000).[1] Although both parties requested this relief, the trial court did not order T.B.'s birth certificate changed. Accordingly, the judgment must be remanded for an express determination of paternity and a consistent order with respect to T.B.'s birth certificate as required by section 210.841.2 RSMo (2000).

## II. *"Joint" Legal Custody to Wife*

■ For his second point, husband asserts that the trial court's judgment is internally inconsistent and unclear because the judgment awarded "joint" legal custody of T.B. to wife and neither the judgment nor Exhibit 4, referenced in the judgment, indicates whether the trial court

---

1. Although husband did not raise the issue of the birth certificate on appeal, both parties requested this relief in the trial court, and we remand as a matter of plain error. *See In re Marriage of Hayes,* 12 S.W.3d 767, 770 (Mo. App.2000).

intended to award joint legal custody to both parties or sole legal custody to wife.

 Missouri recognizes two forms of legal custody: "sole legal custody" and "joint legal custody". Section 452.375.1 RSMo (Cum.Supp.2006);[2] *Malawey v. Malawey*, 137 S.W.3d 518, 525 (Mo.App. 2004). Joint legal custody is defined as a situation in which "the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority." Section 452.375.1(2). *See also In re Marriage of Sutton*, 233 S.W.3d 786, 790 (Mo.App. 2007).

> In determining whether joint legal custody is in the child's best interests, we consider the parties' commonality of beliefs concerning parental decisions, the parties' ability to function as a parental unit in making those decisions, and the parties' demonstrated "willingness and ability to share the rights and responsibilities of raising their children."

*Sutton*, 233 S.W.3d at 790 (quoting *In re Marriage of M.A. and M.S.*, 149 S.W.3d 562, 569 (Mo.App.2004)). The parties' inability to cooperate, communicate, and function as a unit in making decisions makes joint legal custody inappropriate. *Id.*

Here, we are unable to discern from the language of the judgment whether the court intended to award legal custody to one or both parents. The award of "joint legal custody" to only one parent is illogical because "joint" legal custody is an award to both parents. *See* section 452.375.1(2). There is language in Exhibit 4 consistent with joint legal custody and other language consistent with sole legal custody. The first sentence of paragraph 6 requires husband and wife to confer before making decisions concerning the growth and development of T.B. In addition, paragraph 13 requires the parties to submit any disputes over decisions affecting the growth and development of T.B. to a mediator. However, the last sentence of paragraph 6 appears to describe sole legal custody because it provides that there shall be no shared decision-making between husband and wife.

When a judgment demonstrates this type of inconsistency, the remedy is a remand for the trial court to clarify its judgment. *Plant v. Plant*, 936 S.W.2d 186, 188 (Mo.App.1996). *See also Moore v. Moore*, 971 S.W.2d 943, 945 (Mo.App.1998). In this case, that part of the judgment awarding joint legal custody to one parent is erroneous and must also be reversed. Therefore, that part of the judgment awarding legal custody is reversed and remanded for clarification. Point two is granted.

### III. *Attorney's Fees*

 For his third point, husband asserts that the trial court erred in not awarding him attorney's fees because he had no ability to pay the fees, whereas wife had that ability. We disagree.

 "Generally speaking, parties to a domestic relations case are responsible for paying their own attorney's fees." *Ethridge v. Ethridge*, 239 S.W.3d 676, 684 (Mo.App.2007). The trial court has broad discretion in awarding or denying a party's request for attorney's fees, and we will not overturn a trial court's order absent a showing that the trial court abused its broad discretion in ordering, or in refusing to order, one party to pay the attorney's fees of the other party. *Russell v. Rus-*

---

2. All further statutory references are to RSMo (Cum.Supp.2006), unless otherwise indicated.

*sell,* 210 S.W.3d 191, 199 (Mo. banc 2007); *Judy v. Judy,* 998 S.W.2d 45, 54 (Mo.App. 1999).

> The burden of demonstrating an abuse of discretion is on the complaining party, who must "show that the order for attorney's fees is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and to indicate a lack of deliberation."

*Judy,* 998 S.W.2d at 54 (quoting *L.A.L. v. L.L.,* 904 S.W.2d 50, 55 (Mo.App. E.D. 1995)). We presume an award of attorney's fees to be correct, and husband has the burden to prove otherwise. *Tice v. Tice,* 872 S.W.2d 148, 150 (Mo.App.1994).

Section 452.355.1 RSMo (2000) gives the trial court discretion to award attorney's fees to one spouse after considering all relevant factors, including the financial resources of the parties, the merits of the case, and the parties' conduct during the pendency of the action. Thus, "[s]ection 452.355.1 permits, but does not compel, a trial court to award attorney fees." *In re Marriage of Thompson,* 24 S.W.3d 751, 756 (Mo.App.2000).

Husband argues that he should be awarded attorney's fees and expenses because he was unemployed at the time of trial and had no ability to pay these expenses and because wife had sufficient income and assets to pay husband's attorney's fees and costs. Husband's argument has no merit because the trial court found that although husband was unemployed, he had failed to exert any efforts to improve his financial situation because he was being supported by his mother, and that with effort, husband could meet his reasonable needs and was able to support himself. *See Judy,* 998 S.W.2d at 54.

The trial court did not abuse its discretion in denying husband's request for attorney's fees. Point three is denied.

## IV. *Award of Sole Legal Custody*

For his fourth point, husband asserts that, if the trial court intended to award sole legal custody to wife, that decision was not supported by the evidence. This argument is premature and cannot be addressed until the judgment has been clarified. *See e.g., Plant,* 936 S.W.2d at 188. Point four is denied.

## *Conclusion*

The cause is remanded for an express determination of paternity and a consistent order with respect to the child's birth certificate as required by section 210.841.2 RSMo (2000). That part of the judgment awarding legal custody is reversed and remanded for clarification. In all other respects, the judgment is affirmed.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J., concur.