

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | |
|---|---|
| M. P. P., | ) ED101446 |
| | ) |
| Respondent, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| v. | ) 12SL-DR05874 |
| | ) |
| R. R. E., | ) Honorable John N. Borbonus |
| | ) |
| Appellant. | ) Filed: February 24, 2015 |

## Introduction

R. R. E. (Mother) appeals from the judgment of the trial court in this paternity and child custody case. She argues the trial court erred in failing to make findings of fact as required under Section 452.375.6 RSMo. (Cum. Supp. 2005),[1] and the parenting plan and name change were not in the best interest of the child. We reverse and remand to the trial court.

## Background

Mother and M. P. P. (Father) were both living in St. Louis, Missouri, where they were involved in an off-and-on relationship that resulted in Mother's pregnancy. Mother gave birth to B.R.S.E. (the Minor Child), on August 1, 2012. Following the birth of the

---

[1]While this appeal stemmed from a paternity action, we note that "Section 452.375 governs the initial award of custody in paternity cases, as well as dissolution cases." Day ex rel. Finnern v. Day, 256 S.W.3d 600, 602 (Mo. App. E.D. 2008); Lampe v. Rust, 190 S.W.3d 631, 632 (Mo. App. W.D. 2006).

Minor Child, Mother relocated from St. Louis to Cape Girardeau to live with her mother. Father moved for a determination of paternity, name change, and order of custody and support. He requested joint legal and physical custody. Mother counter-filed for paternity, custody, and support. She requested sole legal and physical custody.

After a contested hearing, the trial court issued its judgment and decree of paternity, in which the court stated that because "[t]he parties have not filed a request for Findings of Fact or Conclusions of Law…, the Court hereinafter makes only such findings as it deems necessary to state the grounds for its decisions, if any, as required by Rule 73.01(c)." The court then held that, "[h]aving considered all relevant factors," it was in the best interest of the Minor Child that Mother and Father share joint legal and physical custody; ordered that Father pay Mother $786.00 per month for child support, retroactive to the date of filing; and ordered that the Minor Child's birth certificate be amended to change her last name from Mother's to Father's surname. The court attached a parenting plan designating Father's address in the Ritenour School District the Minor Child's address for mailing and educational purposes. For custody, the court ordered a 2-2-3 schedule, where Mother had custody of the Minor Child on Monday and Tuesday, Father had custody on Wednesday and Thursday, and the parties alternated weekends, Friday through Sunday. The court further ordered that the custody exchanges would occur at the Ste. Genevieve County Sheriff's Department until the Minor Child began attending kindergarten, at which point the exchanges would occur at the Minor Child's school or Father's residence.

Mother moved to amend the judgment, arguing, among other things, the judgment did not make written findings as required under Section 452.375.6. The court denied the

2

motion. The court then entered an amended judgment on other grounds, but still did not include written findings. This appeal follows.

## Discussion

Mother raises three points on appeal. She argues in her first point that the trial court failed to make the required findings under Section 452.375.6. In her second and third points, she argues the trial court's parenting plan establishing a 2-2-3 custody division and the court's order changing the Minor Child's last name from Mother's to Father's surname were not in the best interests of the child. Because the first point is dispositive, we do not reach the second and third points.

Section 452.375.6 provides that if the parties have not agreed to a custodial arrangement, then the court *shall* include written findings in the judgment based on the public policy set forth in Section 452.375.4[2] *and* on each of the factors listed in Section 452.375.2(1)-(8),[3] detailing the specific relevant factors that made a particular custody arrangement in the best interest of the child. Missouri courts have repeatedly emphasized the importance of these written findings in a custody proceeding. See e.g., Buchanan v. Buchanan, 167 S.W.3d 698, 701 (Mo. banc 2005) (reversing and remanding to trial court for new hearing after court's failure to make required findings); Speer v. Colon, 155 S.W.3d 60, 61 (Mo. banc 2005) (same); Wood v. Wood, 391 S.W.3d 41, 47 (Mo. App. W.D. 2012). Because the legislature has mandated these findings, the burden is on the

---

[2] The public policy set forth in subsection 4 is that "frequent, continuing and meaningful contact with both parents ... is in the best interest of the child." Section 452.375.4.
[3] Subsection 2 of Section 452.375 provides that in determining custody in accordance with the best interests of the child, the court "shall" consider all relevant factors including: (1) the wishes of the child's parents as to custody; (2) the needs of the child for a frequent, continuing, and meaningful relationship with both parents and the ability and willingness of the parents to perform their functions; (3) the relationship between the child and any siblings or other persons; (4) which parent is more likely to allow the child frequent, continuing, and meaningful contact with the other parent; (5) the child's adjustment to home, school, and community; (6) the mental and physical health of all individuals involved; (7) the intention of either parent to relocate the principal residence of the child; and (8) the wishes of the child.

trial court to issue written findings regardless of whether the parties have requested findings pursuant to Rule 73.01. <u>Buchanan</u>, 167 S.W.3d at 701. The purpose of this requirement is to allow for meaningful appellate review. <u>Wood</u>, 391 S.W.3d at 47.

The issue of custody here was contested, and thus the court was required to issue written findings under Section 452.375.6. The trial court's judgment, however, did not make written findings detailing which of the specific relevant factors from Section 452.375.2 it considered in determining that the 2-2-3 custody arrangement was in the best interest of the Minor Child. Without knowing the basis for the trial court's decision, appellate review is impossible and the judgment must be reversed.

Point one is granted.

### Conclusion

The judgment is reversed and the cause is remanded. After determining the issues on remand, the trial court shall make the required findings in accordance with Section 452.375.6 and take whatever other action is appropriate.[4]

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

---

[4] On remand, the parties will have the opportunity to reassess the issues of custody and the name change, so we need not reach those issues. However, we note that the current custody schedule as written is unworkable once the Minor Child starts school. The parenting plan would require that Mother commute with the Minor Child two hours each way every Monday and Tuesday in order for the Minor Child to attend school.