

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| J.D., | ) | No. ED102196 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of Cape Girardeau County |
| | ) | |
| L.D., | ) | Hon. Scott Thomsen |
| | ) | |
| Appellant. | ) | FILED:   November 3, 2015 |

## OPINION

L.D. (Father) appeals the trial court's dissolution judgment as to child custody and property division in favor of his former spouse, J.D. (Mother). We reverse and remand.

## Background

Mother and Father married in 2000 and had two children. Mother filed a petition for dissolution in 2013. Both parties sought joint physical and legal custody. Mother's proposed parenting plan sought primary residential time, with Father having the children alternating weekends and one weeknight. Father's proposed parenting plan sought equal residential time with alternating weeks. Due to Mother's previous allegations of abuse, a guardian *ad litem* (GAL) was appointed. Each party testified about the other's parental shortcomings. The GAL made no formal recommendation at the hearing but promised the court a written recommendation thereafter. After three weeks and no submission by the GAL, the trial court issued its judgment without the GAL's recommendation. The court rejected both parties'

parenting plans but adopted most of Mother's proposed custody schedule. The court granted primary residential time to Mother, with Father having custodial time alternating weekends and one weeknight. The court's judgment does not contain any specific findings that relate its custody determination to the children's best interests. Instead, the judgment states only that "[T]he custody award is appropriate after considering the factors set forth in §452.375.2 RSMo."

Father requested the marital residence, valued at $330,000. The parties purchased the land in 2001 and subsequently built a house on it. The land acquisition was financed by the sale of timber located on the lot. The construction of the house was financed by the sale of the couple's previous house, which Father purchased before they met. The parties lived there together from 2000 until the new house was completed in 2007. During that time, they jointly contributed $8,000 toward the mortgage. The trial court found that the proceeds from the sale of that house, approximately $113,000, were Father's separate property, so the court subtracted that amount from the value of the marital residence ($330,000) and divided the remainder ($217,000) equally, awarding Mother $108,500.

Father appeals and asserts that the trial court erred by: (1) failing to make specific findings of fact supporting its award of custody as required by §452.375.6, (2) determining custody without the recommendation of the GAL, and (3) awarding Mother $108,500 as her interest in the marital residence.

**Standard of Review**

On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Jansen v. Westrich, 95 S.W.3d 214, 217-18 (Mo. App. 2003), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Additional principles are recited below as relevant to the issues.

**Discussion**

*Specific Findings (Point I)*

For his first point, Father contends that the trial court erred by failing to make specific findings supporting its custody award as required by §452.375.6. He is correct. The statute states:

> If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court *shall* include a written finding in the judgment or order based on the public policy in subsection 4 of this section[1] and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section[2] detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court *shall* include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

§452.375.6. (emphasis added) "Missouri courts have repeatedly emphasized the importance of these written findings in a custody proceeding." M.P.P. v. R.R.E., 456 S.W.3d 69, 71 (Mo. App. E.D. 2015) (citing Buchanan v. Buchanan, 167, S.W.3d 698, 701 (Mo. 2005), and Speer v. Colon, 155 S.W.3d 60, 61 (Mo. 2005)).

---

[1] The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child. §452.375.4.

[2] In determining what custodial arrangement furthers the children's best interests, the court must consider the following factors: (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties; (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child; (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests; (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent; (5) The child's adjustment to the child's home, school, and community; (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. […]; (7) The intention of either parent to relocate the principal residence of the child; and
(8) The wishes of a child as to the child's custodian. […] §453.375.2.

3

In response, Mother contends that Father's point is not preserved for appellate review because he failed to raise it in a post-trial motion before filing this appeal. In support of her position, Mother cites Keel v. Keel, 439 S.W.3d 866 (Mo. App. E.D. 2014). There, the appellant failed to timely request specific findings of fact in the trial court and further failed to file a post-trial motion to amend the judgment, so this Court deemed the point unpreserved for review. While sound on its facts, Keel does not control here because it involved a motion to modify a prior custody decree under §452.410. That section does not mandate specific findings, so only the general provisions of Rule 73.01(c) applied. By contrast, the present case involves an initial custody determination governed by §452.375, which mandates specific findings. §452.375.6. "Because the legislature has mandated these findings, the burden is on the trial court to issue written findings regardless of whether the parties have requested findings pursuant to Rule 73.01." M.P.P., 456 S.W.3d at 71. "The purpose of this requirement is to allow for meaningful appellate review." Id.

The trial court erred in failing to make specific findings as required by §452.375.6. Point I is granted, and the case must be reversed and remanded on this basis. Nonetheless, we address Father's remaining points on appeal as pertinent to the trial court's consideration on remand.

*Absence of GAL Recommendation (Point II)*

For his second point, Father asserts that the trial court erred in determining custody absent the GAL's recommendation. As a matter of law, the GAL is not required to make a recommendation, and the trial court is not required to follow it. In re Marriage of Harris, 446 S.W.3d 320, 330 (Mo. App. S.D. 2014). See also Halford v. Halford, 292 S.W.3d 536, 543-544 (affirming custody determination where GAL recommendation absent from record). As a practical matter, however, the GAL's input is desirable as part of the record because a GAL's "principal allegiance is to the court, and his function is to advocate what he believes to be the

4

best interests of the child by providing the court requisite information bearing on those interests untainted by the parochial interests of the child's parents." Davis v. Schmidt, 210 S.W.3d 494, 509 (Mo. App. W.D. 2007).

Though the trial court did not legally err in determining custody absent the GAL's recommendation, and so point II is denied, the court will have an opportunity to re-open the record and receive such evidence on remand if it so chooses. See Aubuchon v. Hale, 453 S.W.3d 318, 325 fn. 1 (Mo. App. E.D. 2014) (trial court may re-open record on remand).

*Distribution from Marital Residence (Point III)*

Finally, Father submits that the trial court erred by awarding Mother $108,500 as her interest in the marital residence. The trial court has broad discretion in distributing property and an appellate court will interfere with the trial court's judgment only if the division is so unduly weighted in favor of one party as to constitute an abuse of discretion. Comninellis v. Comninellis, 99 S.W.3d 502, 506 (Mo. App. W.D. 2003). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to indicate indifference and a lack of careful judicial consideration. Id.

Father argues that all but $8,000 of the $330,000 value of the marital residence is his separate property because (1) the lot was purchased through the sale of timber thereon, which Father negotiated before the marriage, and (2) the home was built using the proceeds of the sale of Father's first house, of which only $8,000 was paid off during the marriage. (Property acquired before marriage becomes marital property to the extent that marital funds are used to pay off the loan. Selby v. Selby, 149 S.W.3d 472, 485 (Mo. App. W.D. 2004).) In short, Father asserts that Mother accrued no interest in the couple's residence during the marriage except her marital portion of the $8,000 paid on Father's first house from 2000 to 2007.

Property acquired during a marriage is presumed to be marital property. §452.330.3; Comninellis, 99 S.W.3d at 507. Here, the lot was purchased and the home was constructed during the marriage, so the trial court properly found the residence to be marital property. However, property acquired in exchange for property acquired by one spouse prior to the marriage remains that spouse's separate property. §452.330.2(2). Under the source-of-funds rule, when property is acquired by an expenditure of both separate and marital property, the subject property is characterized as part separate and part marital. Brooks v. Brooks, 911 S.W.2d 631, 633 (Mo. App. E.D. 1995). The spouse contributing separate property toward the acquisition of marital property is entitled to recover his separate contribution. Id.

Here, the record reveals that the parties sold Father's first house for $113,902, of which $8,000 was marital, leaving a remainder of $105,902 as Father's separate property. The trial court found Father's separate contribution to be $130,000, but it is not clear from the record how the trial court arrived at this figure. Nonetheless, in calculating the distribution, the trial court allocated $113,000 to Father as separate property and divided the remaining value of the marital residence equally to arrive at Mother's award, *i.e,*: $330,000 - $113,000 = $217,000 / 2 = $108,500. If the trial court intended to apply the source-of-funds rule and divide the remaining value equally, the record would support the following calculation: $330,000 - $105,902 = $224,098 / 2 = $112,049. Ultimately, however, a trial court is not required to divide marital property equally; the division must only be fair and equitable. Selby, 149 S.W.3d at 491. Point III is denied, but the trial court has discretion to review and adjust its calculation on remand if it so chooses.

**Conclusion**

The trial court erred in failing to make specific findings of fact supporting its custody determination as mandated by §452.375.6. The judgment is reversed and remanded to permit the

court to incorporate those findings. Although the trial court did not err as a matter of law in determining custody without the GAL's recommendation, the trial court retains discretion to re-open the record to receive such evidence on remand. Likewise, although the trial court did not err as a matter of law in awarding Mother almost half of the marital portion of the residence, the trial court retains discretion to revisit its calculations on remand, consistent with the record and this opinion.

_____
Lisa Van Amburg, Chief Judge

Patricia L. Cohen, J., and
Philip M. Hess, J., concur.

7