

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| J.D., | ) | No. ED102196 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of Cape Girardeau County |
| | ) | |
| L.D., | ) | Hon. Scott Thomsen |
| | ) | |
| Appellant. | ) | FILED:  December 15, 2015 |

**OPINION**

L.D. (Father) appeals the trial court's dissolution judgment as to child custody and property division in favor of his former spouse, J.D. (Mother). We affirm.

**Background**

Mother and Father married in 2000 and had two children. Mother filed a petition for dissolution in 2013.  Both parties sought joint physical and legal custody.  Mother's proposed parenting plan sought primary residential time, with Father having the children alternating weekends and one weeknight.  Father's proposed parenting plan sought equal residential time with alternating weeks.  Due to Mother's previous allegations of abuse, a guardian *ad litem* (GAL) was appointed.  Each party testified about the other's parental shortcomings.  The GAL made no formal recommendation at the hearing but promised the court a written recommendation thereafter. After three weeks and no submission by the GAL, the trial court issued its judgment without the GAL's recommendation. The court rejected both parties'

parenting plans but adopted most of Mother's proposed custody schedule. The court granted primary residential time to Mother, with Father having custodial time one weeknight each week, alternating weekends, alternating holidays, and alternating weeks in the summer. The court's judgment does not contain any specific findings that relate its custody determination to the children's best interests. Instead, the judgment states only that "[T]he custody award is appropriate after considering the factors set forth in §452.375.2 RSMo."

Father requested the marital residence, valued at $330,000. The parties purchased the land in 2001 and subsequently built a house on it. The land acquisition was financed by the sale of timber located on the lot. The construction of the house was financed by the sale of the couple's previous house, which Father purchased before they met. The parties lived there together from 2000 until the new house was completed in 2007. During that time, they jointly contributed $8,000 toward the mortgage. The trial court found that the proceeds from the sale of that house, approximately $113,000, were Father's separate property, so the court subtracted that amount from the value of the marital residence ($330,000) and divided the remainder ($217,000) equally, awarding Mother $108,500.

Father appeals and asserts that the trial court erred by: (1) failing to make specific findings of fact supporting its award of custody as required by §452.375.6, (2) determining custody without the recommendation of the GAL, and (3) awarding Mother $108,500 as her interest in the marital residence.

**Standard of Review**

On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Jansen v. Westrich, 95 S.W.3d 214, 217-18 (Mo. App. 2003), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

2

**Discussion**

*Specific Findings (Point I)*

For his first point, Father contends that the trial court erred by failing to make specific findings supporting its custody award as required by §452.375.6. The statute states:

> If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court *shall* include a written finding in the judgment or order based on the public policy in subsection 4 of this section[1] and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section[2] detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court *shall* include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

§452.375.6. (emphasis added) "Missouri courts have repeatedly emphasized the importance of these written findings in a custody proceeding." M.P.P. v. R.R.E., 456 S.W.3d 69, 71 (Mo. App. E.D. 2015) (citing Buchanan v. Buchanan, 167, S.W.3d 698, 701 (Mo. 2005), and Speer v. Colon, 155 S.W.3d 60, 61 (Mo. 2005)).

However, Mother contends that Father's point is not preserved for appellate review

---

[1] The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child. §452.375.4.

[2] In determining what custodial arrangement furthers the children's best interests, the court must consider the following factors: (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties; (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child; (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests; (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent; (5) The child's adjustment to the child's home, school, and community; (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. […]; (7) The intention of either parent to relocate the principal residence of the child; and (8) The wishes of a child as to the child's custodian. […] §453.375.2.

because he failed to raise it in a post-trial motion before filing this appeal as required by Rule 78.07(c). That rule states:

> In all cases, allegations of error relating to the form or language of the judgment, *including the failure to make statutorily required findings*, must be raised in a motion to amend the judgment in order to be preserved for appellate review.

Rule 78.07(c). (emphasis added) Ample precedent supports Mother's position. *See* Barker v. Barker, 412 S.W.3d 457 (Mo. App. S.D. 2013), and In re Marriage of Bottorff, 221 S.W.3d 482 (Mo. App. S.D. 2007) (denying review of a trial court's failure to make findings supporting custody as required by §452.375.6); Keel v. Keel, 439 S.W.3d 866 (Mo. App. E.D. 2014) (denying review of a trial court's failure to make findings supporting custody modification); and Crow v. Crow, 300 S.W.3d 561 (Mo. App. E.D. 2009) (denying review of a trial court's failure to make findings supporting Form 14 child support as required by Rule 88.01).

Father asks this court to overlook the preservation defect and review for plain error. In civil cases, plain errors affecting substantial rights may be considered at this court's discretion "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). First, we must determine "whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." Rouse v. Cuvelier, 363 S.W.3d 406, 418 (Mo. App. W.D. 2012). If plain error is facially established, then the court determines whether the error resulted in manifest injustice or a miscarriage of justice. Id. For instance, in Bedwell v. Bedwell, 51 S.W.3d 39 (Mo. App. W.D. 2001), a mother requested plain error review of her allegation of judicial bias. The court examined the face of the record and found no manifest injustice or miscarriage of justice. Id. at 43. In In re Marriage of Brown, 310 S.W.3d 754 (Mo. App. E.D. 2010), a father neglected to file a motion to amend the judgment where the trial court failed to adjudicate paternity and entered an inconsistent custody award. This court exercised its discretion to review the merits and

4

remanded the case to the trial court for clarification because the welfare of the child required it. Id. at 757.

Here, upon review of the record and examination of the parenting plan, we find no substantial grounds to determine that manifest injustice or a miscarriage of justice occurred. Nothing in the trial transcript prompts concern about the grant of primary residential time to Mother and custodial time to Father one weeknight each week, alternating weekends, alternating holidays, and alternating weeks in the summer. On this record, point I is denied under Rule 84.13(c).

*Absence of GAL Recommendation (Point II)*

For his second point, Father asserts that the trial court erred in determining custody absent the GAL's recommendation. As a practical matter, the GAL's input is desirable as part of the record because a GAL's "principal allegiance is to the court, and his function is to advocate what he believes to be the best interests of the child by providing the court requisite information bearing on those interests untainted by the parochial interests of the child's parents." Davis v. Schmidt, 210 S.W.3d 494, 509 (Mo. App. W.D. 2007). As a matter of law, however, the GAL is not required to make a recommendation, and the trial court is not required to follow it. In re Marriage of Harris, 446 S.W.3d 320, 330 (Mo. App. S.D. 2014). *See also* Halford v. Halford, 292 S.W.3d 536, 543-544 (affirming custody determination where GAL recommendation absent from record). Thus, we cannot say that the trial court legally erred or abused its discretion in determining custody absent the GAL's recommendation. Point II is denied.

*Distribution from Marital Residence (Point III)*

Finally, Father submits that the trial court erred by awarding Mother $108,500 as her interest in the marital residence. The trial court has broad discretion in distributing property and an appellate court will interfere with the trial court's judgment only if the division is so unduly

weighted in favor of one party as to constitute an abuse of discretion. <u>Comninellis v. Comninellis</u>, 99 S.W.3d 502, 506 (Mo. App. W.D. 2003). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to indicate indifference and a lack of careful judicial consideration. <u>Id</u>.

Father argues that all but $8,000 of the $330,000 value of the marital residence is his separate property because (1) the lot was purchased through the sale of timber thereon, which Father negotiated before the marriage, and (2) the home was built using the proceeds of the sale of Father's first house, of which only $8,000 was paid off during the marriage. (Property acquired before marriage becomes marital property to the extent that marital funds are used to pay off the loan. <u>Selby v. Selby</u>, 149 S.W.3d 472, 485 (Mo. App. W.D. 2004).)  In short, Father asserts that Mother accrued no interest in the couple's residence during the marriage except her marital portion of the $8,000 paid on Father's first house from 2000 to 2007.

Property acquired during a marriage is presumed to be marital property.  §452.330.3; <u>Comninellis</u>, 99 S.W.3d at 507.  Here, the lot was purchased and the home was constructed during the marriage, so the trial court properly found the residence to be marital property. However, property acquired in exchange for property acquired by one spouse prior to the marriage remains that spouse's separate property.  §452.330.2(2).  Under the source-of-funds rule, when property is acquired by an expenditure of both separate and marital property, the subject property is characterized as part separate and part marital.  <u>Brooks v. Brooks</u>, 911 S.W.2d 631, 633 (Mo. App. E.D. 1995).  The spouse contributing separate property toward the acquisition of marital property is entitled to recover his separate contribution. <u>Id</u>.

Here, the record reveals that the parties sold Father's first house for $113,902, of which $8,000 was marital, leaving a remainder of $105,902 as Father's separate property.  The trial

court found Father's separate contribution to be $130,000, but it is not clear from the record how the trial court arrived at this figure. Nonetheless, in calculating the distribution, the trial court allocated $113,000 to Father as separate property and divided the remaining value of the marital residence equally to arrive at Mother's award, *i.e,*: $330,000 - $113,000 = $217,000 / 2 = $108,500. If the trial court intended to apply the source-of-funds rule and divide the remaining value equally, the record would support the following calculation: $330,000 - $105,902 = $224,098 / 2 = $112,049. Ultimately, however, a trial court is not required to divide marital property equally; the division must only be fair and equitable. Selby, 149 S.W.3d at 491. Consequently, on this record, we cannot say that the trial court legally erred or abused its discretion. Point III is denied.

**Conclusion**

The trial court's judgment is affirmed.

_____
Lisa Van Amburg, Chief Judge

Patricia L. Cohen, J., and
Philip M. Hess, J., concur.

7