

# In the Missouri Court of Appeals
# Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| M.P.P., | ) | No. ED103390 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| R.R.E., | ) | Honorable John N. Borbonus |
| | ) | |
| Appellant. | ) | Filed: May 31, 2016 |

## I.     INTRODUCTION

R.R.E. (Mother) appeals the trial court's judgment on remand in this paternity and child custody action.  In her four points on appeal, Mother argues the trial court erred as the parenting plan set forth in the judgment and name change were not in the best interests of B.R.S.E. (the parties' Minor Child).  For the following reasons, we reverse and remand to the trial court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case was originally filed by M.P.P. (Father) on September 6, 2012, to establish paternity and custody of the Minor Child.   After conducting a hearing on January 7, 2014, the trial court issued its judgment and decree of paternity.  That judgment was appealed by Mother to this Court, which reversed the judgment and remanded the case to the trial court.  *See M.P.P v. R.R.E.*, 456 S.W.3d 69 (Mo. App. E.D. 2015).  The underlying facts were previously set out in this Court's opinion as follows:

1

Mother and [Father] were both living in St. Louis, Missouri, where they were involved in an off-and-on relationship that resulted in Mother's pregnancy. Mother gave birth to [the Minor Child] on August 1, 2012. Following the birth of the Minor Child, Mother relocated from St. Louis to Cape Girardeau to live with her mother. Father moved for a determination of paternity, name change, and order of custody and support. He requested joint legal and physical custody. Mother counter-filed for paternity, custody, and support. She requested sole legal and physical custody.

After a contested hearing, the trial court issued its judgment and decree of paternity . . . . The court . . . held that, "[h]aving considered all relevant factors," it was in the best interest of the Minor Child that Mother and Father share joint legal and physical custody; ordered that Father pay Mother $786.00 per month for child support, retroactive to the date of filing; and ordered that the Minor Child's birth certificate be amended to change her last name from Mother's to Father's surname. The court attached a parenting plan designating Father's address in the Ritenour School District the Minor Child's address for mailing and educational purposes. For custody, the court ordered a 2–2–3 schedule, where Mother had custody of the Minor Child on Monday and Tuesday, Father had custody on Wednesday and Thursday, and the parties alternated weekends, Friday through Sunday. The court further ordered that the custody exchanges would occur at the Ste. Genevieve County Sheriffs Department until the Minor Child began attending kindergarten, at which point the exchanges would occur at the Minor Child's school or Father's residence.

Mother moved to amend the judgment, arguing, among other things, the judgment did not make written findings as required under Section 452.375.6. The court denied the motion. The court then entered an amended judgment on other grounds, but still did not include written findings.

*M.P.P. v. R.R.E.*, 456 S.W.3d at 70.

Mother appealed. In reversing the trial court's judgment, this Court found the trial court did not make the required written findings detailing which relevant factors from Section 452.375.6. it considered in determining the 2-2-3 custody arrangement was in the best interests of the child. The opinion provided that

The judgment is reversed and the cause is remanded. After determining the issues on remand, the trial court shall make the required findings in accordance with Section 452.375.6 and take whatever other action is appropriate.

Then in a footnote, this Court stated:

On remand, the parties will have the opportunity to reassess the issues of custody and the name change, so we need not reach those issues. However, we note that the current custody schedule is unworkable once the Minor Child starts school. The

parenting plan would require that Mother commute with the Minor Child two hours each way every Monday and Tuesday in order for the Minor Child to attend school.

On remand, the trial court did not conduct a hearing. On July 17, 2015, without further evidence, the trial court entered its third amended full and final judgment and decree of paternity, which set forth findings pursuant to Section 452.375.6. In its findings, the trial court addressed the factor concerning "The Child's Adjustment to the Child's Home, School, and Community." The trial court stated there were no issues raised by the parties "regarding the Minor Child's adjustment to [her] homes, school, or community that would significantly impact [her] best interests." In addition, the court found that changing the Minor Child's surname to match Father's would serve to strengthen their relationship and be in the Minor Child's best interests.

The parenting plan attached to the judgment reinstated the same 2-2-3, 50/50 joint physical custody plan initially entered by the trial court. Mother was granted custody of the Minor Child on Monday and Tuesday night each week. Father had custody on Wednesday and Thursday night and the parties alternated weekends. Moreover, the court again designated Father's residence as the Minor Child's address for mailing and educational purposes and specified that once the Minor Child began attending kindergarten, all custody exchanges were to occur at the Minor Child's school or Father's residence.

Mother appeals.

## III. DISCUSSION

The threshold issue we first consider is whether the trial court proceeded on remand in accordance with our mandate and the result contemplated in our opinion. *See Abt v. Mississippi Lime Co.*, 420 S.W.3d 689, 697 (Mo. App. E.D. 2014) (stating that, on remand, proceedings in the trial court should accord with both the appellate court's mandate and the result contemplated in the opinion). "'It is well settled that the mandate is not to be read and applied in a vacuum. The

opinion is part of the mandate and must be used to interpret the mandate itself.'" *Id.* (quoting *Welman v. Parker*, 391 S.W.2d 477, 483-84 (Mo. App. E.D. 1990)). When a case returns to a lower tribunal, that tribunal has a duty to complete all tasks necessary to give effect to the appellate court's disposition. *Carver v. Delta Innovative Services*, 419 S.W.3d 792, 795 (Mo. App. W.D. 2013).

Our mandate in *M.P.P v. R.R.E.* instructed the trial court to "determine the issues on remand and make the required findings . . . and take whatever other action is appropriate in accordance with this Court's opinion [.]" In a footnote of the opinion we specifically indicated custody issues were to be reassessed and noted the current 2-2-3 custody schedule would be unworkable once the Minor Child started school. Yet, the trial court kept the same exact unworkable schedule in place. The trial court did not address this Court's finding that the schedule was unworkable. Nor did the trial court explain why such a lengthy and frequent commute to school was in the Minor Child's best interests. Inexplicably, in light of our footnote, the trial court indicated there were no issues significantly impacting the Minor Child's adjustment to her homes and school.

Thus, we cannot conclude the trial court fulfilled its duty on remand to give effect to the result contemplated in our opinion. We again find the 2-2-3 custody schedule is unworkable. The parenting plan requires the parents to exchange custody three times each week despite the fact that the parties live two hours apart. Once the Minor Child begins kindergarten, mother must commute with the Minor Child two hours each way every Monday and Tuesday so the Minor Child can attend school. Both parties concede the current plan is unworkable.

Moreover, the trial court not only failed to interpret and follow the mandate of this Court, but it also entered a judgment based upon stale evidence. *See Cannon v. Cannon*, 351 S.W3d 843,

849 (Mo. App. W.D. 2011) (observing that as a matter of common sense a court cannot accurately determine the best interests of the child based solely on evidence presented at a hearing that occurred more than two-and-one-half years prior to entering its order). "Orders concerning custody or visitation should not be made based on stale evidence from long-concluded hearings." *Searcy v. Searcy*, 38 S.W.3d 462, 471 (Mo. App W. D. 2001). Here, the case was originally filed on September 16, 2012, and was heard by the trial court on January 7, 2014. On remand, the trial court entered its third amended judgment on July 17, 2015. The trial court received no new evidence, so the facts remained precisely as they were at the time of the trial court's original judgment. Thus, the trial court rendered its judgment based upon evidence that was one-and-one-half years old. The failure to obtain additional evidence is especially significant as the Minor Child will soon be attending school. Accordingly, the judgment must be reversed and remanded for consideration of more current evidence in order to develop a custody plan that is workable and in the best interests of the Minor Child.

## IV.    CONCLUSION

We reverse the judgment and the cause is remanded for a hearing. On remand, the trial court is to develop a workable visitation schedule taking into account the present circumstances of the parties and the best interests of the Minor Child. We advise the trial court to take into consideration the distances between the parties respective residences and the school that will be attended by the Minor Child, as well as the time spent traveling from one parent to another. Because the parties will have the opportunity to reassess issues of custody and the Minor Child's name change on remand, we need not reach Mother's allegations of error.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., Concurs.

6